## WILLIAM PICKERING, JR., *vs.* JAMES REYNOLDS, JR.

A levy on land is void, if the officer's return to the execution shows that he set off an undivided part of the land, and states no reason why the land could not be divided without damage.

The refusal of the Superior Court to continue a case in order to allow an officer to amend his return is not subject to exception.

WRIT OF ENTRY to recover land in Danvers. At the trial in the Superior Court, before *Brigham*, C. J., the demandant put in evidence an execution levied upon the demanded premises, with the certificate of the appraisers and the officer's return thereon, together with the certificate of the register of deeds that the same had been duly recorded; and rested his case.

The officer's return showed that he had set off two hundred and ten two hundred and twenty-fifth undivided parts of the land levied upon, but did not state that the land could not have been divided without damage to the whole. The tenant contended that this rendered the levy void. The demandant then moved that the case might be continued to enable the officer to amend his return; but the judge declined to continue the case, and directed the jury to return a verdict for the tenant, which was returned, and the demandant alleged exceptions.

*C. Sewall*, for the demandant.

*S. B. Ives, Jr., & S. Lincoln, Jr.*, for the tenant.

AMES, J. The officer's return shows no sufficient legal reason for levying the execution upon an undivided portion of the debtor's real estate. It is only in the case of an estate which cannot be divided without damage to the whole, and which is more than sufficient to satisfy the execution, that the levy can be made upon an undivided portion of the whole, to be determined by the appraisers. Gen. Sts. c. 103, § 10. The return wholly fails to show the existence of such a state of things, and the levy is therefore invalid. "In the transfer of title to real estate by virtue of a statute power, the requisitions of law must be strictly complied with." *Chenery* v. *Stevens*, 97 Mass. 77, 84.

The question whether the cause should be continued, to enable the officer to amend the return, was within the judicial discretion

of the judge presiding at the trial, and his decision upon it is not subject to exception. *Reynard* v. *Brecknell*, 4 Pick. 302. *Monk* v. *Beal*, 2 Allen, 585. *Payson* v. *Macomber*, 3 Allen, 69.

*Exceptions overruled.*