CYRUS E. HEWES *vs.* JAMES COOPER & others.

Suffolk.   March 5. — 11, 1874.   WELLS & ENDICOTT, JJ., absent.

The substitution by a clerical error of the creditor's name in the condition of a bond to dissolve an attachment, in the place intended for that of the original debtor, as the person to pay the judgment, does not invalidate the bond, if the intent can be distinctly ascertained from the entire instrument.

An omission to state, in the recital of a bond to dissolve an attachment, whose goods and estate are attached, will not defeat the creditor's remedy on the bond, if the bond describes correctly the suit to which the bond applies.

CONTRACT against James Cooper, George K. Babcock, Edward M. Chase, and Samuel F. Ricker, the principals and sureties on a bond alleged to have been signed and sealed by them, as follows:

" Know all men by these presents, that we, Edward M. Chase and Samuel F. Ricker, both of Boston, in the county of Suffolk, and Commonwealth of Massachusetts, as principals, and James Cooper and George K. Babcock, as sureties, are holden and stand firmly bound and obliged unto Cyrus E. Hewes, in the full and just sum of one hundred dollars to be paid unto the said Cyrus E. Hewes, his executors, administrators, or assigns: to which payment well and truly to be made we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents. Sealed with our seals. Dated twenty-seventh day of March, in the year of our Lord one thousand eight hundred and seventy-one.

" The condition of this obligation is such, that whereas the said Cyrus E. Hewes of Boston, said county and Commonwealth, has caused the goods and estate        to the value of one hundred dollars, to be attached on mesne process, in a civil action, by virtue of a writ, bearing date March 23d, A. D. 1871, and returnable to the municipal court for civil business, next to be holden at Boston, within and for the county of Suffolk, on the first day of April next; in which said writ the said Cyrus E. Hewes is the plaintiff; and the said Edward M. Chase and Samuel F. Ricker defendants; and whereas the said defendants wish to dissolve the said attachment, according to the provisions of the general statutes, in such cases made and provided.

" Now therefore, if the above bounden Cyrus E. Hewes shall pay to the plaintiff in said action the amount, if any, which he shall recover therein, within thirty days after the final judgment in said action, then the above written obligation shall be null and void; otherwise, to remain in full force and virtue."

At the trial in the Superior Court, before *Lord*, J., the plaintiff offered the record of the suit, *Hewes* v. *Chase & another*, and the execution and officer's return thereon, and the said bond, which was drawn and witnessed by the constable who served the process, who testified to its execution. The presiding justice ruled that the plaintiff could not, on that paper, maintain his action. The plaintiff desired to go to the jury upon the question how the bond read, but the presiding judge refused to allow him to present that question to the jury, and ordered a verdict for the defendants, and the plaintiff excepted to the above rulings.

*D. F. Fitz*, for the plaintiff.

*I. H. Wright*, for the defendants.

AMES, J. The insertion of the creditor's name in the condition of the bond, in the place intended for that of the original debtor, thereby requiring literally that the creditor should pay to himself the amount of a judgment which he should recover against the other party in the suit, was a manifest clerical error, which will not vitiate the bond or defeat the intention of the parties, provided that intent can be distinctly ascertained from the entire instrument. The erroneous name may be stricken out. *Leonard* v. *Speidel*, 104 Mass. 356.

An imperfect recital of the preliminary facts, which is correct

as far as it goes, provided it describes correctly the suit to which the bond applies, and states with substantial accuracy the condition which is to be fulfilled, will not defeat the creditor's remedy in a suit on the bond. For this reason the omission in the bond to designate the ownership of the attached property is immaterial. The bond is substantially in conformity to the provisions of the statute.                                    *Exceptions sustained.*