AUGUSTUS W. KEENE *vs.* WILLIAM A. WHITE.

Worcester.    October 2. — 15, 1883.    FIELD & W. ALLEN, JJ., absent.

If judgment is rendered against a party in a District Court, and he has, without fault on his part, lost his right of appeal, the Superior Court has, under the Pub. Sts. *c.* 187, § 25, power to grant a writ of review.

MORTON, C. J.    The Superior Court has power to "grant reviews of judgments rendered before a trial justice, or police, district, or municipal court, in any case in which a review might be granted if the judgment had been rendered in the Superior Court." Pub. Sts. *c.* 187, § 25. In this case the petitioner seeks to review a judgment rendered against him by the Third District Court of Southern Worcester in an action of tort in the nature of trover. He attempted to appeal from this judgment to the Superior Court, but, having failed to file a bond as required by the St. of 1882, *c.* 95, § 1, his appeal was invalid; the Superior Court had no jurisdiction of the case under the appeal, and the judgment of the District Court stood as a final judgment. *Santom* v. *Ballard*, 133 Mass. 464. We can have no doubt that it is within the power of the Superior Court to grant a review of this judgment. The power given to that court is broad and comprehensive, and enables the court to revise any judgment in the cases provided for by the statute, which in justice ought not to stand, if it has been rendered without laches of the petitioner for review and he has no other remedy against it.

If he has a right of appeal, the court will not grant a review, because the remedy by appeal is more direct and simple. But if, without laches, he has lost his right of appeal, the court may grant a review upon good cause shown. *Bowditch Ins. Co.* v. *Winslow*, 3 Gray, 415. *Hutchinson* v. *Gurley*, 8 Allen, 23. *Fuller* v. *Storer*, 111 Mass. 281.

The only question presented by this bill of exceptions is whether the Superior Court had the power to grant a review. Having the power, it was for that court to decide whether a sufficient cause existed for the exercise of the power.

*Exceptions overruled.*

*H. L. Parker & G. H. Mellen*, for the respondent.
*T. G. Kent*, for the petitioner.