WHEELER AND WILSON MANUFACTURING COMPANY *vs.*
MARGARET BURLINGHAM.

Berkshire.   Sept. 9. — Oct. 25, 1884.   C. ALLEN & COLBURN, JJ., absent.

A motion to dismiss an appeal from a judgment of an inferior court, on the ground that no bond to the adverse party has been filed, as required by the Pub. Sts. c. 154, § 52, and the St. of 1882, c. 95, § 1, comes too late, after the first term in the Superior Court, although the bond filed contains formal defects.

HOLMES, J. This is an appeal from an order of the Superior Court, dismissing an appeal to it from the District Court of Central Berkshire. The ground of dismissal relied on is that no bond for costs, &c. has been filed, as required by the St. of 1882, c. 95. Pub. Sts. c. 154, § 52; c. 155, § 29. A bond was filed in the cause which, no doubt, was intended to satisfy the statutes; but it misdescribes the action in several particulars. *Hewes* v. *Cooper*, 115 Mass. 42, 44. The name of the plaintiff is recited as the Wheeler & Wilson Sewing Machine Company, instead of the Wheeler & Wilson Manufacturing Company, and the date of the judgment and the amount of the costs recovered are both wrong, not to mention less important matters.

We are not prepared to say that a motion to dismiss upon this ground ought not to have prevailed, if seasonably made. Neither do we forget that it was decided in *Santom* v. *Ballard*, 133 Mass. 464, where the appellant had recognized under the old law, instead of filing a bond as required by the present statute, that the defendant had not lost his right to have the appeal dismissed by entering a general appearance. See also *Keene* v. *White*, 136 Mass. 23. But nevertheless we are of opinion that in the present case this appeal should have been allowed to stand ; and that the motion to dismiss came too late, after the first term in the Superior Court. A bond was filed in good faith, conditioned as required by law. The manifold errors which it contained were inconveniences to the plaintiff, which he was not bound to put up with, but which he could waive. It is true that conditions attached to the exercise of appellate jurisdiction, in the public interest of the regular administration of justice or otherwise, cannot be waived. *Moore* v. *Lyman*, 13 Gray, 394. But the interests of the public adverted to in *Santom* v. *Ballard* were sufficiently preserved when the defendant and his surety were bound. And we cannot doubt that, even if the plaintiff were compelled to resort to equity for relief, which we do not intimate that he would be, the fact that the bond was filed in the cause would override the misdescriptions so far as to prevent the escape of the surety. *Wiser* v. *Blachly*, 1 Johns. Ch. 607. Defects in a replevin writ and bond are waived, if not objected to at the first term. *Simonds* v. *Parker* and *Kittridge* v. *Bancroft*, 1 Met. 508, 514. *Clark* v. *Connecticut River Railroad*, 6 Gray, 363. *O'Loughlin* v. *Bird*, 128 Mass. 600, 601. We think that the principles laid down in these cases must be applied to the present.                    *Motion to dismiss overruled.*

*J. F. Noxon*, for the defendant.

*W. Turtle*, for the plaintiff.