### J. D. PUTNAM *vs.* ALEXANDER BOYER & trustee.

Worcester. Sept. 28. — Oct. 26, 1885. FIELD, C. ALLEN, & GARDNER, JJ., absent.

A bond, which was not dated, and did not contain an approval of the adverse party or of the justice, recited in its condition an appeal from a judgment given by a district court in favor of the plaintiff in the action, but did not state against whom it was given, when it was rendered, or the amount thereof, either in debt or costs. The record of the district court showed that the appellant recognized before the court with sufficient sureties, but made no mention of any bond. *Held*, that the bond did not comply with the requirements of the Pub. Sts. *c.* 154, § 52, and the St. of 1882, *c.* 95; and that the appeal was rightly dismissed.

MOTION to dismiss an appeal from the First District Court of Southern Worcester, on the ground that the bond filed by the appellant, who appeared as claimant in the action, which was a trustee process, was defective and insufficient. The bond, which was executed by the parties named therein as principal and surety, and witnessed, was as follows:

"Know all men by these presents, that we, Charles Martell of Southbridge in the county of Worcester as principal, and

A. J. Bartholomew of said Southbridge as surety, are holden and stand firmly bound unto J. D. Putnam of Webster in said county in the sum of two hundred dollars, to the payment of which to the said obligee or his executors, administrators, or assigns, we hereby bind ourselves, our heirs, executors, and administrators.

" The condition of this obligation is such that if the above-named principal shall enter and prosecute with effect an appeal by him made from a judgment given by the First District Court of Southern Worcester, on            day of            A. D. 1885, in favor of the said Putnam for the sum of            dollars and cents debt or damage and costs of suit taxed at            dollars and            cents, and shall satisfy any judgment which may be entered against him in the Superior Court upon said appeal, for costs, within thirty days of the entry of such judgment; then this obligation shall be void ; otherwise it shall be and remain in full force and virtue.

" In witness whereof, we hereunto set our hands and seals this            day of            A. D. 188 ."

The record of the district court showed that the claimant recognized before the court with sufficient sureties, but made no mention of any bond.  The Superior Court dismissed the appeal, and ordered judgment for the plaintiff; and the claimant appealed to this court.

*A. J. Bartholomew*, for the claimant.

*J. M. Cochran*, for the plaintiff.

DEVENS, J.  It was the duty of the appellant, if he desired effectively to prosecute his appeal from the district court, to file, within twenty-four hours after the entry of judgment, a bond to the adverse party, with sufficient surety or sureties, to be approved by the adverse party or the justice, in a reasonable sum, fixed by the justice or approved by the adverse party, with condition to enter and prosecute his appeal with effect, and to satisfy, within thirty days from the entry thereof, any judgment which might be entered against him in the Superior Court, upon said appeal, for costs.   Pub. Sts. *c.* 154, § 52; *c.* 155, § 29.   St. 1882, *c.* 95.

The bond filed by the claimant recites in its condition an appeal from a judgment given in favor of the plaintiff, but against

whom it was given does not appear. There is no statement when such judgment was rendered, nor what was the amount thereof, either in debt or costs. The bond itself bears no date, nor does it appear to have ever received the approval of the adverse party or the justice. An examination of the record of the justice shows that the claimant recognized before him with sufficient sureties, but the record makes no mention of any bond.

The contention of the claimant is, that, taking the whole instrument together, in connection with the record, the intention of the parties signing the same can be gathered therefrom; that they must be held liable; and thus that he has perfected his appeal. It may be that the omissions in this bond, or in regard to the failure by the magistrate to act thereon, if the plaintiff had seen fit not to object on account thereof, would not have been held to be of so vital a character as to deprive the Superior Court of its jurisdiction; and that, if the plaintiff had eventually prevailed, he might, by the aid of the record and such other evidence as would connect this bond with the case at bar, have maintained an action thereon against its signers. *Santom* v. *Ballard*, 133 Mass. 464. *Keene* v. *White*, 136 Mass. 23. *Wheeler & Wilson Manuf. Co.* v. *Burlingham*, 137 Mass. 581. But the plaintiff is not compelled to submit to the manifest inconveniences to which such errors necessarily subject him. They are not purely immaterial, and, when a motion to dismiss, on account of them, is seasonably made by the plaintiff, it should prevail. The remedy by review, when any party, without fault on his own part, has lost his right of appeal, affords him ample protection. Pub. Sts. *c.* 187, § 25. *Keene* v. *White, ubi supra.* The appellee is entitled to a bond fully identifying the cause in which it is filed, with proper surety duly approved, before the appeal should be allowed. There is no such bond in the case at bar.

*Judgment affirmed.*