MARIA H. PARKER & another, administrators, *vs.* CHARLES S. SNOW & another.

Berkshire.     September 14, 1886. — January 11, 1887.

Under the Pub. Sts. *c.* 155, §§ 28, 29, a trial justice is not authorized to extend the time for perfecting an appeal until such time as he shall notify the appellant to appear before him; and if subsequently, upon being notified, the appellant appears before the justice and recognizes with surety, no notice having been given to the appellee, the appeal will be dismissed on motion.

MOTION to dismiss an appeal from a trial justice, on the ground that no legal appeal was taken.  The Superior Court dismissed the appeal; and the plaintiffs appealed to this court: The facts appear in the opinion.

*H. C. Joyner,* for the plaintiffs.

*J. Dewey & F. H. Wright,* for the defendants.

MORTON, C. J.    The statutes provide that " a party aggrieved by the judgment of a trial justice in a civil action may, within twenty-four hours after the entry of the judgment, appeal therefrom to the Superior Court then next to be held in the county; " and that no appeal shall be allowed, " unless the appellant within twenty-four hours after the entry of judgment recognizes to the adverse party with sufficient surety or sureties, to be approved by the adverse party or by the justice, in a reasonable sum to be fixed by the justice, or approved by the adverse party, with condition to enter and prosecute his appeal with effect, and to satisfy, within thirty days of the entry thereof, any judgment which may be entered against him in the Superior Court upon said appeal for costs; provided, that the justice may for cause shown extend the time for recognizing.  In determining the sufficiency of the sureties upon such recognizance, the justice may examine upon oath the persons offered as sureties and all other witnesses produced by either party." · Pub. Sts. *c.* 155, §§ 28, 29.

In the case at bar, the plaintiffs, within twenty-four hours after the entry of the judgment against them, claimed an appeal, and then offered to recognize or to give a bond with sureties.

The trial justice, being in doubt whether the plaintiffs should be required to recognize or to give a bond, extended the time for perfecting the appeal "until such time as he should notify the plaintiffs to appear before him." Subsequently, at a time before the sitting of the Superior Court at which the appeal could be entered, the trial justice notified the plaintiffs to appear before him, and they did appear, and recognized, with surety. No notice was given to the defendants.

The defendants had an interest in the question of the sufficiency of the sureties on the recognizance, and the statute contemplates that they have the right to be heard upon this question.

If the trial justice had extended the time for recognizing to a day certain in the future, this would have been a notice to the defendants, and would have saved their right to be heard. But an indefinite extension to such time in the future as suited the magistrate's convenience, without any notice to the defendants of the time when he would act upon the recognizance, deprived the defendants of their right to be heard as to the sufficiency of the sureties. A majority of the court are of opinion that it was not the intention of the statute to authorize a trial justice thus to extend the time of recognizing, and therefore that the appeal in this case was not legally allowed and perfected.

*Appeal dismissed.*