LeGRAND C. TIBBETTS, petitioner, *vs.* CALVERT HANDY.

Nantucket.   Oct. 25, 1887. — Jan. 6, 1888.   C. ALLEN & KNOWLTON, JJ., absent.

If an appeal is taken to the Superior Court from a judgment of a trial justice, under the Pub. Sts. *c.* 155, § 28, and the appellant fails to recognize to the adverse party, as required by § 29, or to deposit with the trial justice a reasonable sum as security for the prosecution of the appeal and the payment of costs, the Superior Court has no jurisdiction of the appeal ; and, on a petition to that court for leave to enter the appeal, parol evidence is inadmissible that the appellant offered to recognize, or to deposit a reasonable sum as security, and that the trial justice refused to allow him to do either.

PETITION to the Superior Court for leave to enter an appeal, alleging the following facts :

On October 7, 1886, Thomas B. Field, Esquire, a trial justice for the county of Nantucket, in an action of contract brought against the petitioner by the respondent, rendered judgment against the petitioner for the sum of $17.20, damages, and $8.40, costs of suit.   Within twenty-four hours after said judgment, the petitioner appealed from said judgment to the Superior Court, and offered within said time to recognize to the adverse party, with sufficient sureties, to be approved by the adverse party or by the justice, in a reasonable sum, namely, the sum of $110, with condition to enter and prosecute his appeal with effect, and to satisfy within thirty days of the entry thereof any judgment which might be entered against him in the Superior Court for costs.   The trial justice refused, contending that a written bond, signed and sealed by the principal and sureties, should be given.   The petitioner also offered within said time to deposit with said trial justice such reasonable sum, to be fixed by the justice, as security for the prosecution of the appeal and the payment of costs, and was ready and willing so to do, under the provisions of the Pub. Sts. *c.* 155, § 30.   This the trial justice refused, contending that a bond as aforesaid only could be given.   Such reasonable sum was duly tendered to said trial justice, and the petitioner is now ready to bring it into this court.   He subsequently gave such bond, but under the statute

such bond is void, and will not permit a lawful entry of the appeal in the Superior Court.

Accompanying the petition was a record of the trial justice, from which it appeared that judgment was entered and an appeal taken, as alleged in the petition. There was also a copy of a bond, signed by the petitioner with sureties, and the sureties were approved by the trial justice on October 7, 1886.

On the first day of the sitting of the court to which the appeal was taken, the respondent moved to dismiss the appeal, because the petitioner did not enter into a recognizance, as required by the Pub. Sts. *c.* 155, § 29.

On the same day the petitioner filed the petition to enter his appeal.

The motions were heard together by *Thompson,* J., who ruled, as matter of law, that the petition could not be granted, even if the petitioner proved all the allegations set forth in the petition; and dismissed the appeal. The petitioner alleged exceptions.

*J. Brown,* for the petitioner.

*H. B. Worth,* for the respondent.

W. ALLEN, J. It must be taken to be settled law, that an appeal under the Pub. Sts. *c.* 155, § 28, cannot be allowed, (except under the exception in § 29,) unless the party appealing recognize according to the provisions of § 29, although he may not be in fault, and may be ready and may offer to recognize. *Parker* v. *Snow,* 143 Mass. 423. *Henderson* v. *Benson,* 141 Mass. 218, and cases cited. The same rule must be applied to the provisions of §§ 30–32, which constitute the exception in § 29. They authorize, in lieu of the recognizance, a deposit by the appellant with the trial justice of a reasonable sum, to be fixed by the justice, a certificate of which shall be issued by him to the depositor, and provide that the trial justice shall transmit the sum deposited to the clerk of the Superior Court, with the papers, and that the clerk shall hold such sum until the final disposition of the case, when he shall pay it as the court may order.

The record of the trial justice does not show any deposit with the justice, or any offer to make a deposit. On the contrary, a copy of a bond approved by the justice, with the same condition

as is required in a recognizance, is among the papers produced in the Superior Court.

We think that the ruling of the court was right, and that it was not competent for the defendant to show compliance with the statutory provisions by parol evidence that he offered to recognize, or that he offered to deposit with the trial justice, and tendered to him, a sufficient sum in lieu of a recognizance, which recognizance or deposit the justice refused to accept. If the defendant without fault failed to perfect his appeal, he has his remedy, not by treating the appeal as perfected, but by proceedings in review. *Keene* v. *White*, 136 Mass. 23.

*Exceptions overruled.*