MARY GUEZ *vs.* MARY DUPUIS.

Berkshire.    September 9, 1890. — November 19, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Appeal from District Court — Sufficiency of Bond.*

The record of an action in a district court, in which the writ described the defend-
ant without objection as "Mary Dupuis, otherwise known as Mary Dupue,"
recited that judgment was rendered against her for "$20 damages," and that
she appealed and seasonably filed a bond, which was approved on Decem-
ber 20, 1887. This bond, which purported to be made by "Mary Dupuis . . .
as principal, and          as surety," to be "sealed with our seal," and to be

dated "the　　　day of December," 1887, recited that the judgment was for "twenty dollars and　　　damages," and was signed by "Mary J. Dupuy" and a surety, each with a separate seal. *Held,* that the bond might properly be held to be a sufficient compliance with the statutory requiremênts; and that the appeal was not thereby invalidated.

Tort, brought in the District Court of Northern Berkshire, in which the writ described the defendant as "Mary Dupuis, otherwise known as Mary Dupue."

The record of the District Court contained the following:

"December 6, 1887, judgment was given for plaintiff for $20 damages and costs taxed at $21.07, from which judgment defendant appeals to the next term of the Superior Court at Pittsfield, on the first Monday of January next. Ordered to file bond in sum of $100. Given two weeks to file said bond. Bond filed and approved December 20, 1887."

This bond was as follows:

"Know all men by these presents, That we, Mary Dupuis of Florida, in the county of Berkshire and Commonwealth of Massachusetts, as principal, and　　　, as surety, are holden and stand firmly bound and obliged unto Mary Guez of said Florida in the full and just sum of one hundred dollars, to be paid unto the said Mary Guez, her executors, administrators, or assigns, to which payment well and truly to be made we bind ourselves, our heirs, executors, and administrators, jointly and severally, firmly by these presents. Sealed with our seal, dated at Florida, the　　　day of December, in the year of our Lord one thousand eight hundred and eighty-seven. The condition of this obligation is such, that whereas the said Mary Guez by the consideration of the justice of the District Court of Northern Berkshire, within and for the county of Berkshire, on the sixth day of December in the year of our Lord one thousand eight hundred and eighty-seven, recovered judgment against the said Mary Dupuis for the sum of twenty dollars and　　　damages and cost of suit, taxed at twenty-one dollars and seven cents, in a personal action brought by said Mary Guez against said Mary Dupuis. From which judgment against her the said Mary Dupuis appealed to the Superior Court next to be holden at Pittsfield, within and for the. county of Berkshire, for the transaction of civil business, on the first Monday of January

next. Now if the said Mary Dupuis shall enter and prosecute with effect her said appeal at said Superior Court, and satisfy any judgment· for costs which may be entered against her in said Superior Court upon said appeal within thirty days of the entry of such judgment, then this obligation to be void, otherwise to abide in full force, power, and virtue.

" Signed and sealed in presence of }   Mary J. Dupuy. (seal.)
          Nelson Dupuy.        }   Isaac N. Burnett. (seal.)"

In the Superior Court the plaintiff moved to dismiss the action on the grounds, (1) that the defendant " did not file a bond with surety or sureties to the adverse party within the time provided by law and executed according to law"; (2) that "the alleged bond filed in said action is not dated and is not properly drawn and is informal, irregular, and illegal"; and (3) that "the alleged bond as drawn binds no one but the defendant, and the plaintiff has not the security of a surety as provided by law."

This motion was allowed, and the appeal dismissed; and the defendant appealed to this court.

*S. P. Thayer*, for the plaintiff.

*E. H. Beer*, for the defendant.

C. ALLEN, J. We think none of the plaintiff's objections to the bond sufficient to invalidate the defendant's appeal.

1. It was not necessary to name the surety in the body of the bond. *Danker* v. *Atwood*, 119 Mass. 146. *Ahrend* v. *Odiorne*, 125 Mass. 50.

2. There were two seals in fact, and that is enough. *Mill Dam Foundery* v. *Hovey*, 21 Pick. 417, 428.

3. It was not necessary to specify the day of the month in the date of the bond. *Shaughnessey* v. *Lewis*, 130 Mass. 355.

4. The statement of the damages and costs conforms to the record. The insertion of the word " and" after " twenty dollars" signifies nothing, since it was not followed by any further sum in cents.

5. The principal obligor is described throughout the body of the bond as Mary Dupuis, but she signed it as Mary J. Dupuy. This bond was seasonably filed for an appeal bond, and was approved by the court. This shows that the defendant adopted both names, which are probably pronounced alike. She was also described in the writ as " Mary Dupuis, otherwise known

as Mary Dupue," and she made no objection to this description. She thus accepted and adopted the different modes of spelling her name, and could not be heard to deny that she was bound upon the bond. *Janes* v. *Whitbread*, 11 C. B. 406. The bond was presented in behalf of the defendant, and was approved by the court, and this implies that there was no question as to the identity of the defendant. Under these circumstances, her insertion of a middle initial in her signature did not affect the validity of the bond. *Games* v. *Stiles*, 14 Pet. 322, 327. *Franklin* v. *Talmage*, 5 Johns. 84. The fact that she could not defend against the bond may not be decisive of its sufficiency to give jurisdiction of the appeal. *Putnam* v. *Boyer*, 140 Mass. 235. But the variation in the names is so slight, and the mistake, if any, is so easily corrected, that we think the bond may properly be held to be a sufficient compliance with the statutory requirements.          *Motion to dismiss disallowed.*