MICAJAH HOWES *vs.* JOHN MAXWELL & another.

Hampshire.    September 20, 1892. — October 22, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Civil Damage Act — Constitutional Law — Finding — Bond of Licensee — Effect of Misrecital — Mistake.*

Section 21 of the Pub. Sts. c. 100, rendering a licensed seller of intoxicating liquors liable for injuries occasioned by an intoxicated person whose intoxication was caused by him, is constitutional.

A finding by a justice of the Superior Court, sitting without a jury, that the bond required by the Pub. Sts. c. 100, § 13, to be given by a person licensed to sell intoxicating liquors was filed in the office of the clerk of the town issuing the license, and recorded by him, on the day when the license was issued, authorizes a finding that the town treasurer had approved the bond; and it also warrants the inference, in the absence of evidence to the contrary, that the delivery of the license and of the bond were substantially one transaction.

A recital in a bond given under the Pub. Sts. c. 100, § 13, by a person licensed to sell intoxicating liquors by the selectmen of a town, that he had "been licensed . . . by the mayor and aldermen of the town," does not avoid the bond.

If a town clerk, supposing that a bond given under the Pub. Sts. c. 100, § 13, by a person licensed to sell intoxicating liquors by the selectmen of the town, is invalid on account of a misrecital in it, requests a new bond of the licensee, who there-

upon executes a second bond, and this court declares the first bond to be valid, the second bond will be held to have been executed under a mistake, and to be ineffectual to found an action upon.

LATHROP, J.   This is an action of contract, brought by the treasurer of the town of Whately, for the benefit of Martha J. Herrmann, administratrix of the estate of Charles F. Herrmann, upon two bonds, alleged to have been executed by one Orcutt as principal, and by the defendants as sureties, under the Pub. Sts. c. 100, § 13, to recover the amount of a judgment rendered against Orcutt in an action of tort, brought against him and one Washburn, for an assault made upon Charles F. Herrmann by Washburn while intoxicated by liquors sold him by Orcutt. See *Herrmann* v. *Orcutt,* 152 Mass. 405.

The Pub. Sts. c. 100, § 13, provide that " No license shall be issued until the license fee has been paid to the treasurer of the city or town by which it is to be issued, and until he has received a satisfactory bond, payable to him as such treasurer, in the sum of one thousand dollars, signed by the licensee and sufficient surety or sureties, who shall be jointly and severally liable, and conditioned for the payment of all costs, damages, and fines incurred by violation of the provisions of this chapter. . . . Such bond, after approval, shall be filed in the office of the city or town clerk, and may be sued in any court having jurisdiction under the provisions of this chapter."

1. The defendants do not contend in argument that the words " all costs, damages, and fines " in this section, and in a bond given thereunder, are not broad enough to embrace a judgment recovered in an action under § 21.   See *Day* v. *Frank,* 127 Mass. 497.   They contend, however, that the law is unconstitutional, because it makes a licensed seller of intoxicating liquors responsible for an assault made by a buyer of such liquors from him, when he had the right to make the sale. No authorities are cited in support of this proposition, and it is enough to say that, as the Legislature, in the exercise of its police power, has the right to prohibit absolutely the sale of intoxicating liquors, it has the right to allow them to be sold on such terms and conditions as it sees fit to impose.

2. The defendants asked the court to rule that the evidence in the case failed to show that either of the bonds was satis-

factory to the town treasurer, or that he approved the same.
With respect to the first bond, there was no direct evidence
that it was approved by the town treasurer.  The justice of the
Superior Court, who heard the case without a jury, has found
that the license was issued as early as June 2, 1887, and that
on that day the bond was filed in the office of the clerk of the
town, and recorded by the clerk; and on these facts he found
that the town treasurer had approved the bond.  The evidence
in the case warrants the finding that the bond was accepted,
filed, and recorded before the town clerk noticed what he sup-
posed to be a defect in it, and his return of it to Orcutt, with
the request that a new bond be executed.  The statute does not
require the approval of the bond to be in writing, and, in the
absence of evidence that the bond was not approved, its ap-
proval may be presumed.  *Bank of United States* v. *Dandridge*,
12 Wheat. 64.  *Bostwick* v. *Van Voorhis*, 91 N. Y. 353.

3.  The defendants asked the court to rule that, if the license
was issued and delivered to Orcutt before the bond was ready to
be delivered, and before it was executed, such license was null
and void, unless the delivery of both was substantially one
transaction, and that it was not one transaction.

The court found that the license was issued as early as June
2, 1887, and that the bond was filed in the office of the town
clerk on that day.  The evidence in the case as to the exact
date on which the license was issued is not satisfactory, and
we do not think that it clearly appears that the delivery of the
license and of the bond were not substantially one transaction.
We need not consider, therefore, whether the defendants are
not estopped to deny the correctness of the recital in the bond
that the principal " has this day been licensed."

4.  The bond recites that Orcutt " has this day been licensed
. . . by the mayor and aldermen of the town of Whately."
The defendants contend that, as the license was issued by the
selectmen of Whately, the bond is void.  But a mere clerical
error of this sort does not avoid the bond, if, as is the case
here, " there is no difficulty in ascertaining from the whole
instrument, applied to the subject matter, the intention of the
parties."  *Leonard* v. *Speidel*, 104 Mass. 356, 359.  *Hewes* v.
*Cooper*, 115 Mass. 42.

5. The town clerk, supposing that the first bond was invalid on account of the mistake above mentioned, requested that a new bond be given, and in August, 1887, the second bond was executed, but it was not returned to the clerk's office until after September 27, 1887, the date when the wrong was done for which the judgment was obtained. The judge found that this was a valid bond, and ordered judgment to be entered for the plaintiff for the penal sum of each bond, but that execution should not issue in excess of one thousand dollars and interest from the date of the writ.

We need not consider the various defences that have been set up to a recovery on this bond, as we are of opinion that, as the first bond was a valid bond, the second bond was executed under a mistake, and the officers of the town had no right to require a second bond. The ruling of the court below, that the second bond was a valid bond, was therefore wrong.

The declaration contains two counts. The first count is on the second bond ; and as to this count, the exceptions are sustained. The second count is on the first bond ; and the exceptions to this count are overruled.

*So ordered.*

*J. T. Keating & J. B. O'Donnell,* for the defendants.
*H. P. Field,* (*J. C. Hammond* with him,) for the plaintiff.