ROBERT C. SOPER *vs.* JEROME F. MANNING.

Middlesex.    January 24, 1893. — March 3, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Summary Petition to vacate Judgment — Dismissal of Previous Petition no Bar
— Objections to Allegations — Evidence.*

A general request to rule that a petition to vacate a judgment is insufficient in form,
is entitled to no more favorable consideration than a demurrer, which must point
out any defect of technical accuracy of allegation relied upon.

It is no bar to a petition to vacate a judgment that a previous petition was dis-
missed without prejudice, by reason of certain formal defects and not upon the
merits.

Technical objections to the form of allegations cannot be taken by objecting to
evidence in support of them.

The refusal of the Superior Court to continue a case in order to enable one of the
parties to examine the clerk of that court, who was not in the court-house at the
time and was not summoned as a witness, is not open to exception.

Where there is evidence of sufficient cause for a review, this court cannot revise
the finding or the discretion of the justice of the Superior Court.

PETITION on the Pub. Sts. c. 187, §§ 17, 19, to vacate a judg-
ment of the Superior Court obtained by the respondent against
the petitioner on default.

At the trial in the Superior Court, before *Braley*, J., the re-
spondent contended, and asked the court to rule, that the peti-
tion was insufficient in form. The court refused so to rule, and
the respondent excepted.

It appeared that the petitioner, Soper, was sued jointly and
severally with four other persons, by a writ in favor of the re-
spondent, dated May 18, 1888, issuing out of the Superior Court.
All of the defendants except the petitioner appeared in the origi-
nal action by counsel, and filed answers. Soper appeared for him-
self, but did not file any answer. The case never was placed on
the trial list for trial. On December 21, 1891, there was, after
notice, a copy of which was sent to the respondent, a general
call of the entire docket by the court. The petitioner, Soper,
was not present at that time, nor did it appear that he had any
notice of the calling of the docket. The other defendants were
represented by counsel. On that date the action was dismissed,
without costs, against all the defendants except the petitioner.

Counsel for the other defendants was present, who became counsel of record for the petitioner.

It was admitted that the petitioner, at the March sitting for 1892, brought a petition to vacate the judgment, which petition, after a hearing, was dismissed without prejudice, for formal defects and not upon the merits. The respondent asked the court to rule that this was a bar to the maintenance of the present petition. The court refused so to rule, and the respondent excepted.

At the trial of this petition the petitioner offered in evidence a certified copy of the record of the case of Samuel T. Soper and others, including the plaintiff, against Jerome F. Manning and another, being a bill in equity brought in the Supreme Judicial Court for the County of Suffolk, and claimed that it appeared by examination of the record that the professional services sued for by Manning in his suit at law against the petitioner, the judgment in which case is now sought to be vacated, had been fully adjusted, as between said Manning and the petitioner, in the suit in equity. It was agreed that the record might be referred to at the argument by either party. To the admission of this record the respondent objected; the court admitted it, and an exception was taken.

The petitioner testified that he knew that the suit at law of Manning against himself was pending; that he had requested his uncle, Samuel T. Soper, to attend to it for him, and supposed that it was being properly looked after, and did not give himself any further concern about the matter, and that during the time while the action was entered and pending he was absent on a voyage at sea; that when he came back he stayed in Boston for a short time, and then went to the State of New York; that the litigation in the action at law he supposed was a part of the litigation which arose in the bill in equity, and that in that case his uncle had managed and looked after the interests of all concerned, including the retaining of counsel, said Samuel T. Soper being one of the defendants in the suit at law, and also one of the plaintiffs in the suit in equity; that he did not owe the respondent Manning anything; and that the suit in equity had fully litigated all claim for services on the part of Manning against him.

The petitioner also put in a letter from his uncle, received soon after its date, December 26, 1890, which letter stated: " The way I understand it, the owners of the Mermaid are sued by Manning, and that takes you as well as me, and if it is not defended we shall go by default."

He further testified that he intended to file an answer and defend the action, and that he supposed that everything necessary to be done for the purpose of protecting his rights had been done; that if he had not so supposed, he should have at once retained counsel and personally investigated the matter himself; that he was not aware of the default until notice was given him of the execution that issued upon the judgment by the party in whose hands it was placed for collection against him, and was at that time in the State of New York, and that thereupon he took immediate steps to endeavor to get the judgment vacated.

The respondent at the hearing desired to call the clerk of the Superior Court as a witness as to what transpired at the time when the suit at law of Manning against the petitioner was dismissed, and to explain certain memoranda made by him as clerk on the docket of said court with reference to the entry of the dismissal of the cause; but it appeared that the clerk was not in the court-house at the time, but had gone to his home at Winchester, and had not been summoned as a witness. The judge refused to continue the case, and ordered the respondent to proceed with his defence, to which order the respondent excepted.

The respondent offered no evidence, and asked the judge to rule, that on all the evidence, and upon the allegations set out in the petition, the petition should be dismissed. The court declined so to rule, and found that the judgment entered in the case of *Manning* v. *Soper* was entered upon a default suffered by mistake, and that Soper did not intend to make default, and had a good defence on the merits to the action, and ordered the judgment vacated, and the cause brought forward on the docket, and to stand for trial; and the respondent alleged exceptions.

*J. F. Manning, pro se.*

*N. W. Ladd,* for the petitioner.

HOLMES, J. This is not a writ of review, but the summary proceeding to set aside a judgment in an action in which " the

execution has not been satisfied in whole or in part," given by Pub. Sts. c. 187, §§ 17–19. *Skillings* v. *Massachusetts Benefit Association,* 151 Mass. 321, 322. This fact makes a part of the respondent's argument, based on the sections and decisions relating to writs of review, inapplicable.

1. The first exception is to the refusal of a general request to rule that the petition was insufficient in form. No particular defect was pointed out, and such a request is entitled to no more favorable consideration than a demurrer, which, it is settled, must point out any defect of technical accuracy of allegation which is relied upon. *Windram* v. *French,* 151 Mass. 547. *Train* v. *Boston Disinfecting Co.* 144 Mass. 523, 525. The only defects suggested are of the most minutely technical sort. We do not mean to imply that the petition was not sufficient in form. Certainly it was so in substance.

2. The fact that a previous petition had been dismissed without prejudice, by reason of certain formal defects, and not upon the merits, was not a bar to the present one. *Hayes* v. *Collins,* 114 Mass. 54.

3. If the allegation that the claim which was the foundation of the judgment was settled and finally adjudicated in the case of *Soper* v. *Manning,* 147 Mass. 126, would have been open to objection as too indefinite even for a summary proceeding like this, if the objection had been made at the outset, it nevertheless gave notice of the substantive fact relied on, and entitled the petitioner to introduce a certified copy of the record to prove it. Technical objections to the form of allegations cannot be taken by objecting to evidence in support of them. *Capron* v. *Anness,* 136 Mass. 271, 272. Some criticisms are made on the record, but that is not before us.

4. No exception lies to the refusal of the court to continue the case in order to enable the respondent to examine the clerk, whom he had not summoned as a witness. *Kittredge* v. *Russell,* 114 Mass. 67. *Pickering* v. *Reynolds,* 111 Mass. 83.

5. There was evidence of sufficient cause for a review. We cannot revise the finding or the discretion of the Superior Court. *Boston* v. *Robbins,* 116 Mass. 313. *Keene* v. *White,* 136 Mass. 23.

*Exceptions overruled*