### STATE OF TEXAS v. HARPER & CROW.

No. 1411. Decided May 4, 1905.

**Liquor Dealer's Bond.**

A bond executed by two partners, H. & C., as principals, with their surety, for obtaining license as liquor dealers, but conditioned that an open and quiet house should be kept by H. was not invalid, and the State could recover from principals and surety for violation of its terms by obstructing the view with screens. (P. 22.)

Question certified from the Court of Civil Appeals for the Third District, in an appeal from Tom Green County.

*F. E. Allen,* County Attorney, and *J. W. Hill,* for appellant.—The allegations of appellant's amended petition show a good cause of action against appellees and the failure of appellees to make written application under oath did not invalidate the bond given under the tax paid and license issued to them to engage in the saloon business, and the irregularities in the execution and approval of the bond would not relieve them for breaches thereof occurring subsequent to the execution and actual approval of the bond. Revised Statutes, arts. 5060c, 5060d, 5060e and 5060g; Acts 1901, p. 314, amending art. 5060g; Jones v. State, 10 Texas Court Rep., 788; Pearce v. State, 35 Texas Cr. Rep., 150; Green v. Southard, 94 Texas, 470.

The appellees having paid the tax, executed and had approved the bond, and obtaining the license, and engaged in the business under and by authority of said license and bond, can not, when sued for a breach thereof, plead their own negligence, acts and irregularities in making application, filing and having said bond approved, and license issued, and they are estopped to question the regularity of the proceedings under which they filed said bond and procured said license. Jones v. State, 10 Texas C. Rep., 788; Green v. Southard, 94 Texas.

*C. E. Dubois,* for appellees.—The applicants for a retail liquor dealer's license being a firm, a bond for such business being executed by

said firm and conditioned that one of the members of the firm only shall be liable for a breach of the conditions of such bond, renders said bond invalid. Rev. Stats., art. 5060g, as amended by Act of 1901; State v. Vinson, 5 Texas Civ. App., 315.

Statutes authorizing suits for penalties by the state, and contracts therefor, are to be strictly construed, and full compliance therewith required. Chapter 1a, Title 104, of the Revised Statutes of Texas; State v. Vinson, 5 Texas Civ. App., p. 315; Schloss v. Atchison, T. & S. F. Ry. Co., 85 Texas, 604; Johnson v. Erskine, 9 Texas, 1; Gulf, C. & S. F. Ry. Co. v. Dwyer, 84 Texas 199; Sutherland on Stat. Con., sec. 398; also cases cited in above authorities.

BROWN, ASSOCIATE JUSTICE.—Certified question from the Court of Civil Appeals of the Third Supreme Judicial District as follows:

"This is a suit on the statutory liquor dealer's bond. The trial court sustained a general demurrer to the petition, and plaintiff has appealed, assigning that ruling as error. A majority of this court had held that the ruling was correct for reasons assigned in the majority opinion prepared by Associate Justice Key. On the point discussed in that opinion Chief Justice Fisher dissents, as shown by a dissenting opinion filed by him. All the members of this court agree that the judgment should be reversed, unless the ruling of the majority holding that the bond is fatally defective because not conditioned as required by the statute, is correct.

"The motion for rehearing has been overruled, and this court has granted a motion to certify the matter of dissent to the Supreme Court. Copies of the opinion of the majority and minority of this court are hereto attached, showing clearly the point of dissent, and that question is hereby certified to the Supreme Court for decision."

The suit was instituted in the name of the State of Texas by P. E. Allen, County Attorney of Tom Green County, for the benefit of that county, to recover of W. A. Harper and W. C. Crow, as principals, and the Fidelity and Deposit Company of Maryland, as surety, upon a liquor dealer's bond. The petition alleged that Harper and Crow made application to the proper officer for a license to sell liquor in quantities of a gallon or less to be drunk on the premises at San Angelo, in Tom Green County; that they paid the license tax for the state and county and for the city to the extent that the same was due under the ordinance of the said city of San Angelo. It was alleged that the defendants made and executed a bond in conformity with the statutes of the state in the sum of $5,000, signed by the said W. A. Harper and W. C. Crow, as principals, and by the Fidelity and Deposit Company as surety. We copy into this statement only the portions of the bond which are material in determining the question certified, which are as follows:

"State of Texas, County of Tom Green: Whereas (1) W. A. Harper and W. C. Crow desires to engage in the sale of spirituous, vinous and malt liquors, and medicated bitters capable of producing intoxication, to be drunk on the premises, in quantities of one gallon or (2) less at (3) in the (4) town of San Angelo, in the County of Tom Green, State of Texas, and has made the application and paid the

taxes required by law. Therefore, know all men by these presents, that we (1) W. A. Harper and W. C. Crow, as principals, and Fidelity and Deposit Company of Maryland, as sureties, are held and firmly bound unto the State of Texas in the sum of five thousand dollars, for the payment of which we bind ourselves, our heirs and legal representatives jointly and severally. Conditioned, that the said (1) W. A. Harper, principal, shall keep an open, quiet and orderly house for the sale of spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication."

The bond was signed by W. A. Harper and W. C. Crow, by W. A. Harper, and Fidelity and Deposit Company of Maryland, by J. B. Nabors. The bond was duly approved by the county judge of Tom Green County on April 29, 1904, and filed for record in the office of the county clerk of said county. The relator averred that Harper and Crow, under the license which was issued to them upon the filing of said bond, entered upon the business of selling spirituous, vinous and malt liquors and medicated bitters, etc., in the city of San Angelo, in the County of Tom Green; and, that being so engaged in said business, the said defendants "did not keep an open house, as they were bound and obligated to do, but upon the contrary violated the terms and conditions of said bond in this: that from on or about the first day of May, 1904, to the 6th day of May, 1904, and upon each of said dates, said defendants kept and used screens and other devices placed inside and also outside of the house and place of business in which they were conducting their business, as aforesaid, for the purpose of obstructing the view through the open doors and places of entrance into said house and place where intoxicating liquors were sold on the premises, and he avers that said screens and devices, kept and placed as aforesaid, did obstruct the view through the open doors and places of entrance into said house and place where intoxicating liquors were sold and drunk on the premises." The allegations of the petition presented the facts in connection with procuring the license, making the bond and entering into the business, and the allegations showed that said bond was valid unless it is rendered void by reason of the defects hereinafter discussed. It is unnecessary to copy all of the pleadings of the plaintiff and the defendants in this case and we therefore have made this brief statement of the case in order to present the question upon which the Court of Civil Appeals disagreed.

The majority of the court held that the bond sued upon was invalid and stated their reasons in the following language: "A majority of this court holds that the bond sued on in this case is not conditioned as required by the statute, because it shows upon its face that two persons desired to engage in the retail liquor business and made themselves principals in the bond, which is conditioned that W. A. Harper, who is only one of the principals, shall do and perform the things required by the statute. The petition does not allege that the business was conducted in the firm name of W. A. Harper; but, on the contrary, alleges that defendants W. A. Harper and W. C. Crow were doing business as partners under the firm name of Harper & Crow. And in view of that, and other averments in the petition, and other provisions of the bond, we hold that in order to comply with the statute,

the bond should have been conditioned that both Harper and Crow would do and perform those things which the bond specifies shall be done by Harper." Chief Justice Fisher dissented from the conclusions of the majority and expresed his dissent in these terms: "I can not agree with the majority of the court in the construction placed upon the bond declared upon in the plaintiff's petition. We agree upon the proposition that penal statutes of the nature upon which the bond in this case is based, should be strictly construed, but I do not understand this to mean that such a rigid construction must be indulged in as would defeat the manifest purpose and intention of the Legislature in enacting the law."

It will be seen that the question for decision by this court is, does the fact that the bond is conditioned "that the said W. A. Harper, principal, shall keep an open, quiet and orderly house for the sale of spirituous, vinous and malt liquors, and medicated bitters capable of producing intoxication," etc., render the bond invalid?

We answer that the bond is valid.

The statute which prescribes the conditions of a liquor dealer's bond does not declare that it shall be void in case of non-conformity to the requirements of the law. The terms of the bond submitted are not more onerous than those prescribed by law, neither was the bond "intended as a fraud upon the obligors, by color of law, by an evasion of the statute." Johnson v. Erskine, 9 Texas, 5, and authorities there cited; Ward v. Hubbard, 62 Texas, 559.

A liquor dealer's bond is statutory, and, under the rule announced in Johnson v. Erskine, and Ward v. Hubbard, above cited, must conform substantially to the conditions prescribed by the statute, but it will be construed so as to carry into effect the intention of the parties if fairly ascertainable from the terms of the obligation. Howes v. Maxwell, 157 Mass., 333; Leonard v. Speidel, 104 Mass., 356; Starr v. Blatner, 76 Ia., 356; Dowiat v. People, 61 N. E. Rep., 1059; Meador v. Adams, 76 S. W., 238.

The purpose of the obligors in giving the bond was to secure the privilege of selling liquors by retail, which was accomplished when the license was obtained, but the object of the state was to secure the people against the evils which would arise from doing the forbidden acts. All of the parties, principals and sureties, voluntarily bound themselves by the terms of the obligation that W. A. Harper should perform the conditions of the bond as expressed therein with full knowledge that in case of default they would be liable for the penalties prescribed by the law. By the execution of this bond they secured and have enjoyed the privilege of selling intoxicating liquors, and the law holds them bound by their contract with the state to conduct the business in a lawful and orderly manner.