THE J. J. TYRRELL CO. INC. OF BOSTON *vs.* RUSSELL B. ALLEN & another.

Suffolk.   December 10, 1934. — February 26, 1935.

Present: RUGG, C.J., CROSBY, DONAHUE & LUMMUS, JJ.

*Bond*, Validity, To secure performance of contract.   *Surety*.

Where a contract for the sale of certain apparatus required the purchaser to pay therefor a total of $1,580, of which $100 was to be paid "herewith," $180 at the time of the installation of the apparatus, and $1,300 in ten monthly instalments of $130 each, evidenced by promissory notes or by trade acceptances bearing interest, and a surety bond given by the purchaser to the seller recited that the principal had made a contract with the obligee for the purchase of the apparatus "at a cost of $1,300" and was conditioned on his paying to the obligee $130 each month "until the full amount of $1,300 has been paid" "in accordance with the terms of" the contract, the erroneous statement in the bond with respect to the purchase price of the apparatus was immaterial and did not release the surety from' liability thereon; and the surety was liable thereon for the amount of certain of such monthly instalments which the purchaser failed to pay.

CONTRACT.   Writ dated August 3, 1931.

The action was heard in the Superior Court by *F. T. Hammond*, J., without a jury.   Material findings and rulings by the judge are stated in the opinion.   The defendant Great American Indemnity Company alleged exceptions.

*S. Abrams*, for the defendant Great American Indemnity Company.

*G. L. O'Hara*, for the plaintiff.

CROSBY, J.   This is an action of contract to recover on a bond executed by Russell B. Allen as principal, and the Great American Indemnity Company as surety.   The case was heard by a judge of the Superior Court.   The principal was defaulted, and a finding was entered against the surety company for $1,000, the penal sum of the bond, and that execution should issue for $749.45, being the amount of five payments of $130 each with interest from the date of the writ.

The bond recites that "WHEREAS, the Principal has entered into an agreement with the Obligee for the purchase of an oil burner at a cost of $1,300; in accordance with the terms of this agreement the said Principal agrees to pay to the said Obligee the sum of one hundred and thirty ($130.00) Dollars each and every month until the full amount of $1,300 has been paid. Now, THEREFORE, if the said Principal shall well and truly make these payments this obligation shall be null and void; otherwise, to remain in full force and effect." The judge found that the contract between the defendant Allen and the plaintiff company through one Walsh, its treasurer, was for the purchase of the oil burner, which was to be installed in some apartment houses of Allen; and that before the contract was signed Allen applied to the surety company for a bond to secure the performance on his part of his contract to pay for the oil burner which he had orally agreed to buy from the plaintiff. The judge further found that the contract provides as follows: "The buyer agrees to pay for said property a total price of $1,580, of which $100 is payable herewith and $180 is payable on delivery installation, and $1,300 is payable in ten equal successive monthly payments of $130 each on the first day of each month, the first payment being due and payable on the first day of October, such deferred payments to be evidenced by promissory notes or by trade acceptances bearing interest at seven per cent payable at the National Shawmut Bank." It was further found that Allen paid the first payment of $100 but did not make the payment of $180 which was payable upon "delivery installation" under the contract; and that of the monthly payments of $130 he paid the first five with interest but failed to pay the last five. The judge states: "I find that the words of the bond quoted above, 'an agreement with the obligee for the purchase of an oil burner at a cost of $1,300,' referred to the contract . . . between Allen and the plaintiff company; that this language misdescribed that agreement by stating that the cost of the oil burner was $1,300 when in fact the total price to be paid for it was $1,580. This agreement,

however, bound the defendant Allen to pay the plaintiff company in deferred payments as the bond recited 'the sum of $130 each and every month until the full amount of $1,300' should have been paid." He ruled "that the Great American Indemnity Company, the surety on this bond, is liable under it to pay to the plaintiff the five monthly payments of $130 each which were not paid." The motion of the defendant surety company for a "directed verdict" was denied subject to its exception. The judge found for the plaintiff against the defendant company in the sum of $650 with interest from the date of the writ. The defendant company excepted to the foregoing findings and ruling.

We are of opinion that the erroneous statement in the bond that the price of the oil burner was $1,300 when it should have been $1,580 did not release the defendant surety company from liability on its bond. It did not affect the substantial rights or obligations of the parties. It was an immaterial error which in no way affected the rights of the defendant company and did not affect the substantial meaning of the contract evidenced by the bond. *Leonard* v. *Speidel*, 104 Mass. 356. *Hewes* v. *Cooper*, 115 Mass. 42. *Wheeler & Wilson Manuf. Co.* v. *Burlingham*, 137 Mass. 581. *Howes* v. *Maxwell*, 157 Mass. 333. The cases cited by the defendant company are not applicable to the facts appearing in the present case. None of the defendant company's requests for rulings which were refused could properly have been given.

As no error of law appears in the conduct of the trial, the entry must be

*Exceptions overruled.*