FREDERICK F. COOPER *vs.* HORACE LANDON & another.

Under an allegation that the seller of a chattel induced its purchase by a false representation of its quality, the buyer cannot recover for a mere breach of warranty.

CONTRACT for the price of a horse sold by the plaintiff to the defendants. The answer, after a general denial, set up that, if the plaintiff should produce evidence tending to prove his allegations, the defendants would show that the horse was bought under the following circumstances, viz : that the defendants were hauling charcoal to a furnace, with a team of horses, when one of the horses became disabled, and the plaintiff applied to them to buy his horse, and, to induce them to make the purchase, "represented" to them that his horse was capable of the service required in hauling the charcoal, and the defendants bought the horse, "relying on said representations and promises of the plaintiff, and induced thereby," but that "all of said promises and representations of the plaintiff were false and untrue," and the horse was not capable of the service, and was good for nothing whereby the defendants were greatly delayed in their work, and put to trouble and expense, for all which they claimed to ·ecoup

" and the defendants say that, to induce the defendants to purchase said horse of the plaintiff, the plaintiff falsely represented that said horse was able to work as part of a team in the defendants' business of drawing coal, and the defendants, induced by said representations and relying thereon, bought said horse of the plaintiff, and said representations were false, and said horse was wholly unable to work as aforesaid, and good for nothing, and the defendants have paid the plaintiff for said horse more than he was or is worth, and owe the plaintiff nothing therefor."

At the trial in the superior court, before *Rockwell,* J., the defendants, at the close of the evidence, contended " that the plaintiff warranted the horse to be of the kind and description such as the answer alleged that he represented the horse to have been ; that the evidence was competent and sufficient to prove a warranty on the part of the plaintiff, and a breach of the warranty, and damages to the defendants by reason thereof, which the defendants sought to recoup; and that, under the pleadings, the defendants were entitled to a ruling sustaining said claim."

" But the judge ruled that, although, if the answer had set out and alleged a warranty on the part of the plaintiff, the evidence might properly have been submitted to the jury under a ruling that, if the jury were satisfied, either that the plaintiff's representations and statements amounted to a warranty and that there was a breach of said warranty, or that the plaintiff made material false representations as inducements to the bargain, the defendants would be entitled to recoup; yet, in this case, under this answer, such instructions could not be given, but that, in order to entitle the defendants to recoup in this case, the jury must be satisfied, upon the evidence, that the representations set out and alleged in the answer were made by the plaintiff, that they were false, and that either he knew that they were false, or that, being untrue, they were stated by the plaintiff as of his own knowledge to be true."

The jury found for the plaintiff without recoupment ; and the defendants alleged exceptions.

*J. Dewey, Jr.,* for the defendants.

*H. L. Dawes,* for the plaintiff.

CHAPMAN, C. J. The distinction that is recognized in legal proceedings between contracts and torts is founded in the nature of things, and is important. · The system of special pleading regarded it with great strictness, and our present system adheres to it. Its utility is, that it gives the opposite party notice of what is claimed against him.

Accordingly, when a vendor is sued for making statements, in respect to the quality of the article sold by him, which are not according to the truth, if the vendee desires to charge him in tort he alleges that a false representation was made by him ; but if he desires to charge him in contract he alleges a promise that was broken. To allege a contract he uses the word " warranted," or " promised," or " undertook," or " agreed," or some equivalent word. To allege a tort he uses the phrase " falsely represented," or something equivalent to it, implying fraud. But the word " represent " does not import a promise, and does not give notice to the opposite party that a mere promise is relied upon. On the contrary, it gives notice that a fraud is alleged, and that the pleader has taken upon himself the burden of proving a *scienter.* The rulings in this case are in conformity with this distinction. *Exceptions overruled.*