HIRAM DAY *vs.* HENRY FRANK & another.

Hampshire. Sept. 16. — Oct. 27, 1879. AMES & ENDICOTT, JJ., absent.

The surety on a bond given under the St. of 1875, *c.* 99, § 9, and conditioned that the licensee "shall pay all damages which shall be recovered from him under and pursuant to the provisions of said act," is liable for the amount of a judgment recovered against the licensee under § 15, which provides that whoever shall sell or give intoxicating liquor to any minor shall forfeit one hundred dollars for each offence, to be recovered by the parent or guardian of the minor in an action of tort.

CONTRACT by the treasurer of Northampton against the principal and surety upon a bond given by Henry Frank under the St. of 1875, *c.* 99, § 9, the condition of which was that Frank "shall well and truly comply with all the provisions of the act under which said license is issued, and also shall pay all damages which shall be recovered from him under and pursuant to the provisions of said act." The principal was defaulted.

At the trial against the surety in the Superior Court, before *Gardner*, J., without a jury, the plaintiff offered in evidence the record of a judgment recovered by one Ann Riley, for whose benefit this action is brought, against Frank, for three violations of the provisions of § 15 of that statute. The defendant objected to the admission of this record. The judge admitted it; and the defendant excepted. No further evidence was offered by the plaintiff, except the bond in suit.

The defendant asked the judge to rule that the plaintiff was not entitled to recover. The judge declined so to rule; and ordered judgment for the plaintiff for the penal sum of the bond, execution to issue for $340.44, the amount of the judgment recovered by Riley against Frank. The surety alleged exceptions.

*J. B. Bottum*, for the surety.

*W. Slattery*, for the plaintiff.

MORTON, J. The statute provides that every person licensed to sell intoxicating liquor shall give a bond with sufficient surety or sureties "conditioned for the payment of all costs, damages and fines incurred by violation of the provisions of this act." St. 1875, *c.* 99, § 9. The same section provides a form of the bond, in which the condition is that the licensee "shall well and

VOL. XIII. 32

truly comply with all the provisions of the act under which said license is issued, and also shall pay all damages which shall be recovered from him under and pursuant to the provisions of said act."

The bond in suit follows the words of this form. The suit is brought by and for the benefit of one Ann Riley, who recovered a judgment in an action of tort against the licensee and principal obligor in the bond for three violations of the fifteenth section of the act, which provides that whoever shall sell or give intoxicating liquor to any minor "shall forfeit one hundred dollars for each offence, to be recovered by the parent or guardian of such minor in an action of tort."

The surety now contends that the condition of the bond does not cover the case of what he terms a forfeiture under the fifteenth section of the statute. But such a construction would defeat the manifest intention of the Legislature. The object is to require of the licensee sureties that he will comply with all the provisions of the statute. The one hundred dollars which, under the fifteenth section, may be recovered for each offence, is not strictly a forfeiture, but is rather in the nature of fixed or liquidated damages, which may be recovered in an action of tort by the party injured.

We can have no doubt that the language of the statute, the "damages incurred by violation of the provisions of this act," and the equivalent language in the form of the bond, "all damages which shall be recovered from him under and pursuant to the provisions of said act," were intended by the Legislature to include such liquidated damages as might be recovered under the fifteenth section. It follows that the rulings at the trial were correct.                          *Exceptions overruled.*