CHARLES E. HAMER *vs.* BENJAMIN D. ELDRIDGE.

Barnstable. March 9, 1898. — May 20, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Statutory Penalty for selling or giving Intoxicating Liquors to a Minor — Demurrer — Emancipation — Bringing of Action after Minor comes of Age.*

The declaration in an action of tort brought to recover the penalty imposed by Pub. Sts. c. 100, § 24, for selling or giving intoxicating liquors to a minor, is not demurrable on the ground that it alleges that the defendant, by himself, his agent or servant, did sell or give, etc., and thus leaves it uncertain whether a sale or gift is alleged, and by whom ; and the action, when brought by the father, at least, is not affected by the emancipation of the minor before the sale, or by the fact that it was brought after he had come of age.

TORT, to recover the penalty imposed by Pub. Sts. c. 100, § 24, for selling or giving intoxicating liquors to a minor. The defendant demurred to the declaration, and the demurrer was overruled by *Wardwell*, J.

The jury returned a verdict for the plaintiff, and the defendant, being aggrieved by the exclusion of certain evidence and the refusal to give certain instructions, alleged exceptions. The grounds of demurrer and the material facts are stated in the opinion.

*H. P. Harriman*, for the defendant.

*D. M. Nickerson, Jr.*, for the plaintiff, submitted the case on a brief.

HOLMES, J.   This is an action of tort, brought to recover the penalty imposed by Pub. Sts. c. 100, § 24, for selling or giving intoxicating liquors to a minor.   The plaintiff is the father of the minor.   At the trial the defendant offered evidence that before the sale the plaintiff had emancipated his son.   The court refused to admit it, and the defendant excepted.   It appeared that the suit was brought after the minor had come of age.   The court was asked to rule that this was a defence, but the court refused, and the defendant excepted.   There was also a demurrer to the declaration on the ground that it alleged that the defendant by himself, his agent or servant, did sell or give, etc., and thus left it uncertain whether a sale or gift was alleged, and by whom.

We take up the demurrer first.   The ground just mentioned is not argued.   Under the statute it is immaterial whether the transaction was a sale or a gift, and whether it was carried out by the defendant in person or by his agent.   It now is suggested that the counts are bad because they end with an allegation that " the defendant owes the plaintiff " the penalty.   This is one of those purely formal criticisms which must be made on the record if it is thought worth while to make them.   *Steffe* v. *Old Colony Railroad*, 156 Mass. 262, 263.   Furthermore, we see no objection to the allegation.   The statute makes the defendant liable to pay the plaintiff a definite sum.   We do not see why this liability may not be expressed by the word " owes," although it is required to be enforced in an action of tort.

The defendant's argument is addressed chiefly to the exceptions.   That on the effect of emancipation, based on one or two expressions in *Roberge* v. *Burnham*, 124 Mass. 277, and *Day* v. *Frank*, 127 Mass. 497, treats the liability as if it were analogous to the liability to a parent or master for causing a loss of service, and therefore could not last longer than the service lasts.   But the cases mentioned are explained in *O'Connell* v. *O'Leary*, 145 Mass. 311.   In that case it is decided that the liability is a liability for a penalty or forfeiture.   This being so, the fact of emancipation is immaterial.

The other exceptions, based on the son's now having come of age, undertake to read a qualification into the statute which is not there. It is said that the action is given to the parent or guardian, and it is asked whether one who had been a guardian could sue after his ward had reached twenty-one. We will decide that question when it arises. If such a person could not recover, it would be because of the words of the statute. The words afford no trouble in the present case. The parent is as much a parent now as ever, and, the suit being for a penalty, there is no ground for supposing that the Legislature meant it to abate if it did not get to judgment before the minor had reached manhood. It certainly said nothing of the kind.

*Demurrer overruled, and exceptions overruled.*