TREASURER OF THE CITY OF BOSTON *vs.* AMERICAN SURETY COMPANY OF NEW YORK.

Suffolk.   March 3, 1914. — May 20, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Municipal Court of the City of Boston,* Appellate Division. *Intoxicating Liquors,* Bond of licensee. *Bond. Contract,* Performance and breach.

If a judge of the Municipal Court of the City of Boston, upon overruling a demurrer to a declaration, improperly orders judgment for the plaintiff instead of making "an order relative to the filing of an answer" as required by R. L. c. 173, § 17, the case nevertheless is "ripe for judgment" within the meaning of St. 1912, c. 649, § 8, so that the defendant has a right to have it reported by the judge

to the Appellate Division, and, upon an order being made by the Appellate Division that the demurrer be sustained, the case properly may be brought to this court upon an appeal by the plaintiff from the order of the Appellate Division.

It is a breach of a bond executed in accordance with the requirements of R. L. c. 100, § 42, by two partners engaging in the business of selling intoxicating liquors, for one of the partners to commit an assault upon a person who is on the licensed premises, such an act being in violation of clause 5 of § 17 of that chapter, providing among other things that "there shall be no disorder on the licensed premises."

CONTRACT for an alleged breach of a liquor license bond executed, in accordance with the provisions of R. L. c. 100, § 42, by Frank Marotta and Edward Tedeschi, doing business as Marotta and Tedeschi at 89 State Street in Boston, as principals, and by the defendant as surety. Writ in the Municipal Court of the City of Boston dated July 23, 1913.

The breach of the bond alleged in the declaration was that Marotta and Tedeschi permitted disorder on the premises described on or about September 9, 1910, when the bond was in force, in that "Marotta allowed, permitted and caused disorder on said premises and assaulted" one Silva, for whose benefit this action was brought, and Silva brought an action against Marotta in the Superior Court for the county of Middlesex for the assault and on January 6, 1913, recovered judgment therein for the sum of $657.81.

The defendant demurred. The demurrer was heard by *Murray,* J., who overruled it and ordered judgment for the plaintiff, and, at the request of the defendant, reported the case to the Appellate Division, where an order was made sustaining the demurrer, from which the plaintiff appealed.

*G. M. Poland,* for the plaintiff.

*P. D. Morris, (D. W. Flynn* with him,) for the defendant.

RUGG, C. J. This case was tried first before a judge of the Municipal Court of the City of Boston, who overruled the demurrer and ordered judgment for the plaintiff. The action of the trial judge was irregular, for by R. L. c. 173, § 17, he should have made "an order relative to the filing of an answer." But in any event, upon the record of that court as it stood, the case then was ripe for judgment, St. 1912, c. 649, § 8, and rightly was reported to the Appellate Division for review of the ruling of law thus made. The plaintiff's appeal from the order of the Appel-

late Division that the demurrer ought to be sustained brings the case here properly. *Cotter* v. *Nathan & Hurst Co.* 211 Mass. 31. *Loanes* v. *Gast*, 216 Mass. 197.

This is an action on a liquor license bond in the form prescribed by R. L. c. 100, § 42, conditioned that Frank Marotta and Edward Tedeschi, doing business as Marotta and Tedeschi, "shall well and truly comply with all the provisions of law under which he has been so licensed, and also shall pay all costs, damages and fines which may be incurred by a violation of the provisions of" R. L. c. 100. The declaration alleged that there had been a breach of the fifth clause of the bond, (which was as follows: "That there shall be no disorder, indecency, prostitution, lewdness or illegal gaming on the licensed premises;") in that disorder was permitted on the licensed premises by said Marotta committing an assault on one Silva, for which action was brought and judgment for a substantial sum recovered, which is unsatisfied. The question is whether this is a breach of the bond.

. It was decided in *Day* v. *Frank*, 127 Mass. 497, and in *O'Connell* v. *O'Leary*, 145 Mass. 311, that such a bond was security for damages recovered under what is now R. L. c. 100, § 62, and in *Howes* v. *Maxwell*, 157 Mass. 333, that it was security for damages recovered under what is now R. L. c. 100, § 58. These are specific provisions for the recovery of civil damages against holders of liquor licenses. It is conceded by the defendant that such a bond is security for all damages arising out of causes of action set forth in the provisions of the act, such as its civil damage sections. It contends, however, that the bond does not extend to damages for torts occurring upon the licensed premises contrary to the conditions of the license.

The requirement for a bond with substantially the same general conditions as in the present statute was in the original license law, St. 1875, c. 99, § 9. That section also set out the form of the bond, the condition of which was that the licensee "shall well and truly comply with all the provisions of the act under which said license is issued, and also shall pay all damages which shall be recovered from him under and pursuant to the provisions of said act." The form of the condition of the bond in Pub. Sts. c. 100, § 13, did not differ materially, but was in these words: "shall well and truly comply with all the provisions of law

under which said license is issued, and shall also pay all damages which may be recovered from him under and pursuant to such provisions of law." By St. 1888, c. 283, an important change was made by striking out from the condition of the bond the words "which may be recovered from him under and pursuant to such provisions of law," and by inserting in lieu the words "incurred by violation of such provisions of law." It is strong evidence of a legislative purpose to effect a substantial change that no other subject was included in the act. This form is retained in R. L. c. 100, § 42, and is followed in substance in the bond here in suit. The change wrought in the form of the bond by St. 1888, c. 283, broadened in material respects the condition of the bond. Under the bond as before prescribed the damages were limited to those for which recovery against the licensee was provided by the express terms of the statute. By that amendment the damages for which the licensee was liable were all that might be incurred by any violation of the provisions of the law without restriction to those for recovery of which express provision was made by the statute. The words of the bond as set out in the instrument here in suit, following that prescribed by the statute, are broad enough to include damages recovered for any violation of any provision of c. 100. The amendment made by the statute of 1888 renders plain the intention of the Legislature to give the words thus employed a broad rather than a narrow construction, and not to limit the obligation under the bond to the damages for the recovery of which express provision is made by c. 100. It follows that the words of the bond comprehend all damages recovered by reason of a violation of the liquor law. It was a violation of that part of § 17 of c. 100 which required the licensee to keep the premises free from disorder, himself to commit an assault upon the licensed premises. The direct and immediate result of such violation was the injury to Silva, in whose behalf this action is brought. Let the entry be

*Demurrer overruled.*