ANTONIO DADDARIO *vs.* TOWN OF MEDFIELD.

Suffolk.    April 9, 1936. — May 26, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Contract*, Building contract, Modification, Waiver.

On the evidence, a provision of a contract with a town for the construction of ·a section of its water system, that the contractor should not be entitled to be paid for additional work or materials unless performed or furnished on an order from the town engineer and authorized in writing by the water committee, properly could be found to have been waived orally by the board of selectmen and the water committee.

CONTRACT. Writ in the Superior Court dated March 20, 1933.

The action was tried before *Macleod*, J. There was a verdict for the plaintiff in the sum of $6,610.90. The defendant alleged exceptions.

The case was submitted on briefs.

*T. D. Lavelle*, for the defendant.

*S. L. Bailen & H. Snyder*, for the plaintiff.

CROSBY, J. This is an action of contract in which the plaintiff seeks to recover for work done by him in connection with the construction of a certain section of the water pipe system in the town of Medfield. The original declaration contained two counts. Count 2 was waived. The first count was struck out by order of the judge on the ground "that there was not sufficient evidence in fact and in law to require its submission to the jury." An amendment of the declaration was allowed by the judge at the conclusion of the evidence. The amended declaration was the only declaration considered by the jury. The defendant excepted

to the order striking out the first count of the declaration and to the allowance of the amendment, and also to the refusal of the judge to grant a motion for a directed verdict for the defendant on both the count struck out and the amended declaration. The defendant also excepted to certain parts of the charge. It is recited in the bill of exceptions that a written contract dated August 24, 1931, was offered in evidence and marked Exhibit 1, and the sections material to this bill of exceptions are made a part thereof and marked Exhibit 1.* A plan showing the nature and extent of the work done, offered in evidence and marked Exhibit 2, is incorporated in this bill of exceptions as if annexed thereto.

The plaintiff testified that he began the work set out in the contract (Exhibit 1) in August, 1931, and finished it in April, 1932; that it was accepted by the town; that he heard no complaint about it; that thereafter he talked with one Pederzini, chairman of the water board, regarding further work; that Pederzini said the board had some more work to do, "some more streets to do," and named several streets in Medfield; that the plaintiff told Pederzini he did not want to do the work because he had lost money on the other contract; that Pederzini said the engineer was away, and that he, Pederzini, would give the plaintiff a written order when the engineer returned; that the plaintiff started to work, and after he had worked eight or nine days he saw Pederzini and the engineer and he told Pederzini he wanted an order from the engineer; that on the

---

* The record did not disclose who made the contract on behalf of the defendant. The only provisions of the contract set out in the bill of exceptions were the following: From its page 16: "Claims for additional work. The contract shall make no claim for additional work or materials unless the same shall be performed or furnished in pursuance of an order from the engineer and unless the same shall be specifically authorized in writing signed by the Committee. Notice of all claims for additional work and materials shall be made to the engineer in writing within ten days from the beginning of such work or the furnishing of such materials." From its page 21: "It is further agreed that the payment of the final amount due under this contract and the adjustment of the payment of bills rendered for work in accordance with any alterations of the same shall release the Town of Medfield from any and all claims of liability on account of work performed under said contract or any alterations thereof." From its page 4: "For extra work, if any, the reasonable net cost of the work as determined by the engineer plus 15% of such costs."—REPORTER.

same afternoon he received an order which he sent back, and he stopped work; that Pederzini came to him and told him if he did not do the work the bonding company would have to finish it; that thereafter he went with his lawyer to Medfield and met the members of the water board; .that the members of the water board finally told him to "go ahead and do more work on the other streets, and we'll pay you what the contract says regarding extra work — cost, plus fifteen per cent"; that he proceeded with the work and finished it about a month and a half later; "that the work was accepted; that he was after Pederzini all the time for money . . . that subsequently they had a meeting; that Devine, Christmas, Altman, the town engineer and the water board were there; that Daddario, Christmas and the town engineer went over the figures; that $14,722.66 was figured to be the amount due from the town for this work; that he had never received this total, but had only received part of it." * The evidence warranted a finding by the jury that the plaintiff was duly authorized by the selectmen and the water committee of the town to perform the extra work; that by the terms of the contract the plaintiff was entitled to recover the cost, plus fifteen per cent, for such extra work. If the provision of the contract requiring written orders for additional work was ever applicable to contracts for extra work, it could have been found that such requirement was waived. *Sheridan* v. *Salem*, 148 Mass. 196.

There was no error in the refusal of the trial judge to grant the defendant's fifth and twelfth requests.† The evi-

---

* The record set forth evidence of meetings of the plaintiff, his counsel and representatives with the town's board of selectmen, water committee and town engineer respecting the foregoing matters. — REPORTER.

† The rulings thus requested were as follows:

"5. Under the terms of this contract the plaintiff is not entitled to any claim for additional work or materials unless the same shall be furnished in pursuance of an order from the engineer and unless the same shall be specifically authorized in writing signed by the water committee."

"12. The last clause in the contract provided that final payment of amount due under the contract and the adjustment of the payment of bills rendered for work done in accordance with any alterations of the same shall release the town of Medfield from any and all claims of liability on account of work performed under said contract or any alteration thereof. If the jury find that final payment has been made in accordance with this provision, the plaintiff can not recover." — REPORTER.

dence warranted a finding that under the amended declaration the plaintiff was entitled to recover for extra work the cost thereof plus fifteen per cent, which amounted to $14,722.66; that on account of this $8,836.55 had been paid by the town, leaving a balance due of $5,886.11. *McGovern* v. *Salem*, 214 Mass. 358, 363. *G. M. Bryne Co.* v. *Barnstable*, 286 Mass. 544.

As no error of law appears in the conduct of the trial the entry must be

*Exceptions overruled.*