Pettingell, J.
Action of tort for personal injuries. One count of the declaration was for negligent operation of an automobile; the other was for “wilful, reckless and wanton operation”. There was a finding for the defendant.
The plaintiff requested several rulings one of which is, “There is sufficient evidence to warrant a finding for the plaintiff”. The trial judge denied this request with others. He then found for the defendant, making a special finding as follows:
“I find for the defendant for the reason that on the evidence there is no reasonable certainty as to what did happen.”
The ruling requested was a proper one to raise, as matter of law, the issue whether the evidence justified a finding *234 for the plaintiff. If there was sufficient evidence to warrant such a finding, the denial of the request was prejudicial error, unless the error was cured by the trial judge’s special finding. Bresnick v. Heath, Mass. Adv. Sh. (1935) 2297, at 2301.
We are of opinion that there was such evidence. There was testimony that the defendant, in his automobile, came up behind the plaintiff as the latter was walking in the street, and blew his horn loudly, startling the plaintiff. He next drove his automobile so close to the plaintiff, that the latter, fearing that he was in danger, jumped upon the bumper of the automobile, holding on by the radiator cap. The defendant then drove his automobile, “zig-zag fashion”, over a rough road, with the plaintiff hanging on to it, and in this performance the plaintiff was injured.
This evidence if believed, warranted a finding for the plaintiff, Swistak v. Paradis, 288 Mass. 377, at 379, 380.
It remains to be seen if the trial judge’s special finding made the error in the denial immaterial.
As the action is a civil proceeding the plaintiff’s burden was to prove his case by a fair preponderance of the evidence. Roberge v. Burnham, 124 Mass. 277, at 278. The rule laid down by the trial judge in his special finding was that the plaintiff’s proof had to be to a “reasonable certainty”. One possible interpretation of these words is that the judge did not believe the plaintiff’s evidence, and that therefore the plaintiff had not sustained the burden of proof.
“It is true that where the evidence shows no greater likelihood that facts which must be proved really existed, then that such facts did not exist, the necessary preponderance of evidence in favor of the existence of such facts is lacking, and the party having the burden of proof fails.” De Filippo’s Case, 284 Mass. 531, at 534.
*235 The trial judge, however, did not say specifically that the plaintiff failed to sustain his burden of proving by a fair preponderance of the evidence; he designates the degree of proof required as “reasonable certainty”. We are therefore left in doubt whether he based his special finding on credibility or on a wrong idea of what constituted “a fair preponderance”.
“If the judge had gone no further than to tell the jury that the burden of proof was on the plaintiff, and that this burden would be sustained if on the whole evidence there was a preponderance of proof in his favor, his instruction would have been intelligible, precise and strictly correct. The ‘weight’ or ‘preponderance of proof ’ is a phrase constantly used, the meaning of which is well understood and easily defined. It indicates, clearly, to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. But the phrase, ‘balance of probabilities’ used by the judge in his instructions as equivalent to the words ‘preponderance of proof’ has no well settled or clearly defined meaning. It is at best a vague and indefinite phrase, and would rather lead the jury to infer that they might form their verdict on a guess at the truth, gathered from the evidence, rather than a real solid conviction of it, founded on a. careful scrutiny and examination of the proof”. Haskins v. Haskins, 9 Gray 390, at 393.
“No extended citation of authorities is needed for the well established rule of law that in civil proceedings the burden of proof is sustained by a fair preponderance of the evidence, and that proof beyond a reasonable doubt is not essential * * * An instruction to jurors in civil cases that all reasonable doubt must be removed before they can properly reach a verdict is erroneous. * * * The preponderance which determines the verdict must be a preponderance of credible testimony * * * and evidence which is open to serious doubt may *236 not be credible. In a criminal case the juror must be left with no reasonable doubt that his finding is correct. In a civil case he should be satisfied if, after fairly weighing the conflicting evidence, he feels sure that his finding is supported by a greater weight of trustworthy evidence than is opposed to it.” Callahan v. The Fleischman Co., 262 Mass. 437, at 437, 438.
The words “reasonable certainty” used by the trial judge in this case like the “balance of probabilities” in Haskins v. Haskins, supra, have no fixed and definite meaning in our jurisprudence. “The attempt to measure the degree of certainty necessary to a verdict, like the attempt to fix the quantity of evidence, although familiar to the civilians, is not consonant to the general practice of our law, and may well be confined to the limits set by precedent”. O’Connell v. O’Leary, 145 Mass. 311, at 312.
As the use of “reasonable certainty” leaves us in doubt as to what standard the trial judge had in mind in passing upon the burden of proof to be borne by the plaintiff, we find prejudicial error in his special finding. De Young v. Andrews Co., 214 Mass. 47, at 50; Kaufmann v. Sydeman, 251 Mass. 210, at 217; Russell v. Foley, 278 Mass. 145 at 148, 149; Minsk v. Pitaro, 284 Mass. 109, at 115; Bresnick v. Heath, Mass. Adv. Sh. (1935 ) 2297, at 2301, 2302.
The finding for the defendant is to be vacated and the case is to stand for a new trial.