ATTILIO D. DADDARIO *vs.* CITY OF PITTSFIELD.

Suffolk.    February 10, 1938. — December 8, 1938.

Present: DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Pleading, Civil*, Declaration, Demurrer.  *Municipal Corporations*, Contracts, Officers and agents.  *Public Officer.  Contract*, Performance and breach.

Although a judge sustained a demurrer only on part of the grounds set forth therein, all grounds stated in the demurrer were open before this court.

An allegation in a declaration that a contract was made by a city "as required by the laws of this Commonwealth" was sufficient on demurrer without specific averment of its authorization and approval by certain public officers as required by statute.

A breach of a construction contract with a city under which a city officer was given wide powers of discretion was sufficiently alleged in a declaration by a statement that the officer "embarked upon a course of conduct designed to interfere with and delay the prosecution of the work by the plaintiff," and by specifications of the acts done by the officer.

In a declaration based upon a contract with a city and setting forth certain acts of the defendant relating thereto, allegations that the defendant "thereby breached its contract" and caused the plaintiff "to sustain . . . the loss of his profits on said contract" were sufficient to satisfy the requirement of G. L. (Ter. Ed.) c. 231, § 7, First, that a declaration shall state to which division of actions the action belongs.

A declaration based upon a contract with a city and breaches thereof by the city through the acts of its engineer, who was named therein as its agent respecting the carrying out of the contract, was good on demurrer even though the engineer was for other purposes a public officer for whose tortious acts the city would not be responsible.

CONTRACT. Writ in the Superior Court dated September 28, 1936.

A demurrer was sustained by *Williams, J.*

*H. Snyder*, for the plaintiff.

*J. M. Rosenthal*, City Solicitor, for the defendant.

DOLAN, J. This is an action of contract which was brought in the Superior Court. The judge entered an order sustaining the defendant's demurrer to the plaintiff's "substitute declaration," on grounds "1, 2a & 2b," and reported his action for the determination of this court.

The material allegations of the plaintiff's declaration may be summarized as follows: On or about December 20, 1935, the parties entered into a contract in writing by the terms of which the plaintiff undertook and agreed to make certain additions to the defendant's "Sewage Treatment Plant." While the contract is not set out in full in the declaration, and a copy thereof is not annexed thereto, the plaintiff made profert of it in its entirety in his declaration, and the parties stipulated in this court that the "original contract . . . may be referred to in the argument of . . . [the] cause and may be filed with the court for reference thereto by the court in the adjudication of . . . [the] cause."

The contract was entered into by the defendant through its mayor and commissioner of public works "as required

by the laws of this Commonwealth." The plaintiff began performance of his part of the contract under the supervision of the commissioner and the latter's "properly authorized agent," who was the construction engineer of the defendant city. The construction engineer, "duly authorized" under the terms of the contract to act for and in behalf of the defendant, and charged with the duty of furnishing the plaintiff with certain data, furnished him "improper grades, lines, and levels," and, in consequence, mistakes "in grades and levels" resulted. The defendant failed to issue "extra work orders" for rectifying the mistaken "lines and grades," and the plaintiff was forced to correct these variations at a serious loss to him of time and money. The construction engineer was "unreasonably slow in giving lines, levels and grades to the plaintiff," and in checking the work already performed "before the plaintiff could proceed further." The construction engineer countermanded orders given by the plaintiff to his employees, gave them inconsistent orders causing "confusion and disorganization," and gave "unreasonable stop orders" and "erroneous and improper orders." His conduct was "designed to interfere with and delay the prosecution of the work by the plaintiff." The declaration further states that the plaintiff has always been ready, able and willing to perform the work required to be done by him under the contract; that he did perform so much thereof as he was permitted to do by the defendant but that the latter "wilfully and without justifiable cause prevented and made impossible the completion" of the contract by the plaintiff; that "the defendant thereby breached its contract with the plaintiff"; and that, in consequence, he sustained the loss of his profits on the contract "to his great damage."

Although the judge sustained the demurrer on grounds 1, 2a and 2b, all grounds stated are now open upon the report. *Ratté* v. *Forand,* 299 Mass. 185, 187. The first ground of demurrer is "That the matters contained in the plaintiff's . . . declaration are insufficient in law to enable the plaintiff to maintain this action." The defendant has argued that it does not appear from the allegations of the

declaration that the contract was made as a part of a
"P. W. A. Project"; and that as the contract, incorpo-
rated by reference in the declaration, itself shows that it
was in fact so made, the declaration is defective in not con-
taining allegations that two thirds of the city council of the
defendant city (established by St. 1932, c. 280, § 2) had
authorized municipal participation in the project and that
the approval of "the board and . . . the governor" had
been given thereto as required by St. 1933, c. 366, Part I,
§ 2, as amended by St. 1935, c. 404, § 1 (now further amended
by St. 1936, c. 83). We are of opinion, however, that, in
general, it is sufficient to aver the making of the contract,
its terms and the breach thereof, together with such other
facts as may constitute essential conditions to the main-
tenance of the action, as, for example, performance by the
plaintiff, or a tender. The details of the various steps in
the process of making the contract, such as the offer, the
acceptance, the necessary approval of duly authorized
agents or of boards of directors, or of public boards or offi-
cers in the case of municipal corporations, are matters that
commonly need not be set forth. The substantive fact is
the making of the contract; the processes are incidental
to its coming into force, and it is the "substantive facts
necessary to constitute the cause of action" that "The dec-
laration shall state . . . with substantial certainty . . . ."
G. L. (Ter. Ed.) c. 231, § 7, Second. In the case of *Steffe*
v. *Old Colony Railroad,* 156 Mass. 262, where the sole
ground of demurrer was that the declaration did not set
forth when notice of the time, place and cause of the injury
was given, it was held that the allegation therein that the
"plaintiff 'duly' gave such notice" was "enough." In
that case at page 263 it is also said ". . . where mere defects
or omissions in the form of statement are relied on, they
must be specially pointed out." See also *Soper* v. *Man-
ning,* 158 Mass. 381, 384; *Hamer* v. *Eldridge,* 171 Mass.
250, 251; *Emmons* v. *Alvord,* 177 Mass. 466, 469; *Fried-
man* v. *Connors,* 292 Mass. 371, 376; G. L. (Ter. Ed.)
c. 231, § 18, Fourth. Where there is sufficient matter sub-
stantially alleged to entitle the plaintiff to his action, the

declaration will be good on general demurrer. *Dole* v. *Weeks,* 4 Mass. 451. See also *Suffolk Bank* v. *Lowell Bank,* 8 Allen, 355, 357. The question is not as to the sufficiency of evidence to prove due execution of the contract, but is as to the sufficiency of the allegations thereof in the declaration. See *O'Brien* v. *O'Brien,* 238 Mass. 403, 410; *Friedman* v. *Connors,* 292 Mass. 371, 376. We are of opinion that the fulfillment of all statutory requirements for the formation of the contract may be taken to have been properly alleged in the declaration.

In support of the first ground of demurrer, the defendant has also contended that under the contract the commissioner of public works and his duly authorized agent were given wide powers of discretion, and that since the declaration does not allege "fraud or bad faith" no breach of contract is set forth. We are of opinion, however, that the statement in the declaration that the construction engineer "embarked upon a course of conduct designed to interfere with and delay the prosecution of the work by the plaintiff," followed by specifications of the acts done, sufficiently alleges conduct that is not permitted under any term of the contract. See *Ryan* v. *Boston,* 204 Mass. 456, 458. The action of the trial judge in sustaining the demurrer upon the first ground was not warranted.

We deem it necessary in the case at bar to consider all the grounds of demurrer. Ground numbered 2c reads as follows: "The defendant city cannot distinguish from the matters set forth in the plaintiff's said declaration whether (1) It is called upon to defend a cause of action in tort for interference with the contract mentioned in the plaintiff's said declaration, or (2) Whether it is called upon to defend a cause of action for the alleged breach of the contract mentioned in the plaintiff's said declaration." In support of this ground the defendant relies upon G. L. (Ter. Ed.) c. 231, § 7, First, Second, which provides that a declaration shall state to which division of actions the action belongs, and shall state with substantial certainty the substantive facts necessary to constitute the cause of action. The statute, however, does not require a formal statement of

the theory upon which the plaintiff proceeds, but is complied with if the division of actions into which it falls clearly appears from the general allegations of the declaration. See *Cooper* v. *Landon*, 102 Mass. 58, 60; *Boston & Lowell Railroad* v. *Nashua & Lowell Railroad*, 157 Mass. 258, 264. The plaintiff's averments that the "defendant . . . breached its contract with the plaintiff" and "that by reason of said breach of contract by the defendant he was caused to sustain and did sustain the loss of his profits on said contract," are plainly sufficient to satisfy this rule. It follows that the demurrer could not properly be sustained on the ground just considered.

The causes of demurrer numbered 2a and 2b read as follows: "2. (a) That the plaintiff's said declaration does not set forth a cause of action in that the commissioner of public works mentioned in the plaintiff's said declaration is a public officer of the city of Pittsfield, that his position and duties are created and imposed by statute, and that in the performance of those duties and in appointing the construction engineer mentioned in the plaintiff's said declaration, he was not the agent or servant of the defendant city, but was a public officer for whose acts the city is not responsible. (b) The defendant municipal corporation, acting through its commissioner of public works, cannot be held liable for the alleged acts mentioned in the third last paragraph of the plaintiff's said declaration, or any of them." In support of these grounds of demurrer the defendant has cited many cases, which we have examined, bearing on the liability of a municipality for the tortious acts of its servants or agents, or public officers. The principles of law governing the question of the liability or nonliability of cities and towns for the tortious acts of their servants or agents, which are fully discussed in the case of *Bolster* v. *Lawrence*, 225 Mass. 387, 389, do not apply to the action of contract before us.

It is well settled that municipal authorities who act in accordance with independent statutory provisions are public officers for whose tortious acts the municipality is not legally responsible. See *Galassi Mosaic & Tile Co.* v.

*Boston,* 295 Mass. 544, 550; *New England Trust Co.* v. *Boston,* 300 Mass. 321, 323. This is true although the public officer in question is paid by the municipality for his services. See *Manners* v. *Haverhill,* 135 Mass. 165, 171. The basis of this rule is that the element of agency is lacking. A municipality can exercise no direction or control over one whose duties have been defined by the Legislature. See *Cox* v. *Segee,* 206 Mass. 380, 382; *Wood* v. *Concord,* 268 Mass. 185, 190–191. We think that this rule has no application to this action of contract, since the contract was that of the defendant city itself entered into with the plaintiff, the performance of which was to be supervised by its commissioner of public works, not as a public officer, but as its agent. Compare *McGovern* v. *Boston,* 229 Mass. 394.

In *Ryan* v. *Boston,* 204 Mass. 456, it was held that the city was bound by a contract entered into in its behalf by its superintendent of streets, with the approval of the mayor, for the construction of a sewer, and that the plaintiff, having been prevented from full performance by the defendant's repudiation and interference, could recover damages for the breach. In the case at bar the declaration states that the contract contains the following provision: "This agreement [is] made and entered into this 20th day of December . . . [1935] by and between the City of Pittsfield, Massachusetts, by its Mayor and Commissioner of Public Works herein acting for the City without personal liability to themselves and A. D. Daddario . . . ." It further recites that the contract contains a provision that "engineer" shall mean the "engineer holding the position of Commissioner of Public Works who may act either directly or through properly authorized agents, such agents acting within the scope of the particular duties entrusted to them"; and another provision that "Whenever any act or thing is to be done by the City under this contract, the doing of such act or thing by said Commissioner, shall be a sufficient compliance with the terms of this contract." So far as appears, the contract in question was that of the defendant city with the plaintiff, under the terms of which

the "engineer" and those to whom he delegated his duties became the agents of the defendant city, for whose acts it would be liable in the absence of evidence to show that they were acting under legislative mandate. Although the "engineer," that is, the commissioner of public works, was a public officer for other purposes, he could properly be made a true agent of the city with regard to the contract involved. See *Deane* v. *Randolph*, 132 Mass. 475, 477; *Douglas* v. *Lowell*, 194 Mass. 268, 270; *Clarke* v. *Fall River*, 219 Mass. 580, 583. No question has been raised as to the power of the commissioner so to act, and it is assumed that it existed. See *Webb Granite & Construction Co.* v. *Worcester*, 187 Mass. 385, 389–390; *G. M. Bryne Co.* v. *Barnstable*, 286 Mass. 544, 550–551. The allegations of the declaration disclose that the commissioner was the authorized agent of the city, as were those whom he should designate as "properly authorized agents" in connection with the performance of the contract. It follows that under the allegations of the plaintiff's declaration the defendant city would be liable for the acts complained of. See *Chapman* v. *Lowell*, 4 Cush. 378, 381; *Ryan* v. *Boston*, 204 Mass. 456, 458; *Daddario* v. *Medfield*, 294 Mass. 438.

The order sustaining the demurrer is reversed and instead thereof an order is to be entered that the demurrer be overruled.

*So ordered.*