Nash, J.
This is an action of contract for rent or use or occupation of a store and room used by the defendant. The answer was general denial and payment. There was no evidence offered by the defendant. There was- evidence that the local administrator of the E. R. A. was chairman of the Board of Public Welfare of the defendant town and that he used'the store in that capacity to provide food and clothing to the needy from December 10, 1934 until March of 1935, and that no rent was paid during that period nor for the rent of a room used by the W omen ’s' Sewing Project also under supervision of the Board of Public Welfare between January 15, 1935 and March 6, 1935 when it was vacated though the keys were not delivered to the plaintiff until May 15, 1935.
*38 - The Court found that the plaintiffs were the owners of the building and that the rooms were occupied by the E. B. A. projects, but that there was no authority ever given the Selectmen or Board of Public Welfare by the defendant to enter into any contract for the use of the rooms in question and as a matter of law without such authority no such contract could be binding upon the defendant. The plaintiff filed requests for rulings, all of which were given except #5 and #8. They were both denied and thereby the plaintiff claims to be aggrieved. The rulings complained of are as follows:
5. By continuing to occupy the defendant is liable for the rent set forth in the notice of December 4,1934. Under an E. B. A. project the Federal Government furnished material and labor, the Town furnished tools and quarters.
8. A contract of occupancy having been made with Herbert L. Metcalfe as per letter of December 4,1934, he is the only one to whom delivery of possession can . be made either personally or by agent.
In order to prevail the plaintiff must make out a prima facie ease. The burden of proof lies upon the plaintiff to establish the truth of the facts relied upon in his declaration in order to fix liability upon the defendant. Smith v. Hill, 232 Mass. 188, 190; Hughes v. Williams, 229 Mass. 467, 470, and cases cited; and this burden of proof does not shift. Willett v. Rich, 142 Mass. 356, 360; Gibson v. International Trust Co., 177 Mass. 100, 103. In actions of contract the defendant may and does put in issue under a general denial all material facts essential to be proved in order to establish the contract. In fact under a defense of general denial he may set up the fact that a different contract than the one alleged was in fact made, and in such case the burden of proof remains on the plaintiff. Wylie v. Marinofshy, 201 Mass. 583, 584. Starratt v. Mullen, 148 Mass. 570. Phipps *39 v. Mahon, 141 Mass. 471. In the instant case, however, the question resolves itself into whether the evidence presented is sufficient to prove the execution of the contract and this burden rests upon the plaintiff.
The plaintiff was bound to ascertain and take notice of the limitation of authority of the director of the E. R. A. to bind the town. Baker v. Commonwealth, 312 Mass. 490, 492. Dyer v. Boston, 272 Mass. 265, 274. Boston Electric Co. v. Cambridge, 163 Mass. 64, 68. Lowell Five Cents Savings Bank v. Winchester, 8 Allen 109.
Municipal officers “who act in accordance with independent statutory provisions are public officers for whose tortious acts the municipality is not legally responsible”. Daddario v. Pittsfield, 301 Mass. 552, 567. Galassi Mosaic & Tile Co. v. Boston, 295 Mass. 544, 550. New England Trust Co. v. Boston, 300 Mass. 321, 323.
This is true, doubtless, because the municipality can exercise no control over one who derives his authority from statutory sources. Daddario v. Pittsfield, 301 Mass. 552, 558. Cox v. Segee, 206 Mass. 380, 382. Wood v. Concord, 268 Mass. 185,190-191.
The report shows no authority ever having been conferred upon the said director to make a contract in behalf of the defendant Boston Electric Co. v. Cambridge, supra; Keyes v. Westford, 17 Pick. 273; and this was a substantial part of the plaintiff’s case,.and having failed to prove this the plaintiff must fail in producing sufficient evidence to establish a prima facie case.
The rulings complained of are at best requests for mixed findings of law and fact based upon conclusions the trial judge did not find or found contrary to.
There is no prejudicial error and the report is dismissed.