Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TINA GLOVER**
Aurora, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TINA GLOVER, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 15A01-1107-MI-316 |
| | ) | |
| INDIANA FAMILY AND SOCIAL | ) | |
| SERVICES ADMINISTRATION, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE DEARBORN CIRCUIT COURT
The Honorable James D. Humphrey, Judge
Cause No. 15C01-1104-MI-117

**August 9, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

STATEMENT OF THE CASE

Appellant-Petitioner, Tina Glover (Glover), appeals the trial court's order dismissing her petition for judicial review with prejudice.

ISSUES

Glover raises three issues on appeal, which we consolidate and restate as: Whether the trial court properly dismissed Glover's petition.

FACTS AND PROCEDURAL HISTORY

On April 12, 2010, Glover submitted a request for a hearing with the FSSA regarding a decrease in her food stamps. On August 17, 2010, the FSSA held a hearing and restored Glover's food stamps for that month. On March 14, 2011, the FSSA issued a final decision against Glover. On April 19, 2011, Glover filed a petition for judicial review. On June, 3, 2011, FSSA filed a motion to dismiss Glover's petition for judicial review because Glover failed to comply with the Administrative Orders and Procedure Act (AOPA) by not timely filing her petition and by not verifying the petition. On July, 12, 2011, the trial court granted FSSA's motion to dismiss Glover's petition for judicial review.

Glover now appeals.

DISCUSSION AND DECISION

Glover brings this appeal *pro se*. *Pro se* litigants are held to the same standard of rule compliance as attorneys admitted to the practice of law and must also comply with the appellate rules to have their appeal determined on the merits. *Smith v. State*, 822

N.E.2d 193, 203 (Ind. Ct. App. 2005), *trans. denied.* FSSA requests that this court dismiss Glover's Appellant Brief because it wholly failed to comply with the Indiana Rules of Appellate Procedure.

Ind. Appellate Rule 46(A) delineates the proper arrangement and contents of the appellant's brief. The statement of the facts "shall describe the facts relevant to the issue presented for review." App. R. 46(A)(6). Glover's entire statement of the facts is comprised of a random stream-of-consciousness narration of alleged events purportedly leading to the instant appeal. Glover's statement of facts is unsupported and without the necessary citation to documents within the record.

The summary of the argument should contain a succinct, clear, and accurate statement of the arguments made in the body of the brief. App. R. 46(A)(7). Here, Glover's summary of the argument is a single sentence claiming, "FSSA unjustly withheld food stamps, falsely accused us of fraudulent actions and stole our tax return while in appeal with Indiana Court of Appeals." (Appellant's Br. p. 7). Although this statement is succinct, it is anything but clear or accurate; instead, this is an unsupported and undocumented allegation of wrongdoing against the FSSA.

The argument section of the appellant's brief must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. *Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003). Each contention must be supported by citations to the authorities, statutes, and the appendix or parts of the record on appeal relied on. *Id.* This court will not consider an appellant's assertion on appeal when he has

3

not presented a cogent argument supported by authority and references to the record as required by the rules. *Pitman v. Pitman*, 717 N.E.2d 627, 633 (Ind. Ct. App. 1999). Glover's argument section consists of a single sentence stating, "my husband, family and I should not be held responsible for FSSA's unprofessionalism, incompetence and disorganization." (Appellant's Br. p. 8). Obviously, Glover's argument section does not include a standard of review nor does it use case law to establish a persuasive position of law.

The statement of issues shall concisely and particularly describe each issue presented for review. App. R. 46(A)(4). A brief should not only present the issues to be decided on appeal but it should be of material assistance to the court in deciding those issues. *Wright v. Elston*, 701 N.E.2d 1227, 1231 (Ind. Ct. App. 1998), *trans. denied*. However, Glover's statement of the issue section is a brief summary of the facts stated in the statement of the facts section. Glover does not indicate any clear issues for our review but rather lists traits of the FSSA which Glover claims to be objectionable, describing her general unhappiness with the FSSA as an agency.

Glover's statement of the case also fails to comply with the appellate rules. The statement of the case shall briefly describe the nature of the case, the course of the proceedings relevant to the issues presented for review, and the disposition of the issues by the trial court or Administrative Agency. App. R. 46(A)(5). Glover's statement of the case fails to adhere to any of these requirements but instead includes one sentence alleging that the FSSA owes her and her family money.

The purpose of appellate rule 46(A) is to aid, expedite review, and relieve the appellate court of the burden of searching the record and briefing the case. *Thacker*, 797 N.E.2d at 345. Alleged errors will be deemed waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors. *Id*. This court will not become an advocate for a party, nor will we address arguments which are inappropriate, too poorly developed or improperly expressed to be understood. *Id*. In sum, it is clear that Glover requests that we make her argument for her. Although we empathize with her position, we cannot act as her legal counsel and identify issues for her or make her argument. Glover's non-compliance with the Indiana Rules of Appellate Procedure is so substantial we conclude that she has waived her arguments on appeal. Accordingly we dismiss her appeal.

## CONCLUSION

Based on the foregoing, we conclude that Glover waived her argument by failing to comply with Ind. Appellate R. 46(A). We therefore dismiss her appeal.

Dismissed.

NAJAM, J. and DARDEN, S. J. concur